Nov. Term,
1849.

Life
v.
Secrest.

---

## Life v. Secrest.—In error.

Debt on a promissory note given for the rent of certain lands leased to the defendant by the administrator for one year. The defendant proved that during the term of his lease a portion of said lands were sold to pay the debts of the intestate, but the defendant occupied the premises to the full end of his term. *Held,* that these facts did not constitute a sufficient defence.

DEBT by the plaintiff in error against *Secrest* upon a promissory note, dated 3d of *March*, 1846, by the latter, payable one year after date, for 110 dollars. Plea, the general issue, with an agreement that all legal matters of defence might be given in evidence under it.

The plaintiff having produced the note declared on, the defendant gave in evidence the following article:

"Memorandum of an article made and concluded by and between *Michael Secrest* and *Abraham Life*, of *Grant* county, and state of *Indiana*, witnesseth: That the said *Abraham Life*, of the first part, agrees to rent to *Michael Secrest* the farm formerly owned by *Christian Life*, with the use of the saw mill, to have all the privileges that

pertain to said farm and mill, for the term of one year

from this date, ending on the first day of *March*, 1847, the said *Michael Secrest*, of the second part, binds himself to give *Abraham Life* the sum of 110 dollars for the rent of the above described farm and saw-mill at the expiration of one year from this date, for the true performance of the same, *Michael Secrest*, of the first part, executes his promissory note for 110 dollars this 3d day of *March*, 1846.                         *Abraham Life*, [SEAL.]
"*Michael Secrest*, [SEAL.]"

He also proved that the premises mentioned in the agreement consisted of 139 acres of land and a saw-mill; that *Christian Life* had, in his lifetime, bought said premises and paid most of the purchase-money; that he had rented the premises to the defendant and put him in possession, and during the term died, leaving the plaintiff, one of his sons and heirs, and another son, present, and also other heirs living in *Ohio;* that the plaintiff administered on his estate, and, at the end of the time granted by the deceased, he, as administrator of the deceased, granted the term named in the foregoing agreement, and took the note on which this action was brought for the rent; that, during the last named term, and eight months before it ended, 87 acres of said premises, on which was the saw-mill, were sold by the sheriff for the balance of the purchase-money due from the ancestor, but that the defendant used and occupied all said premises to the full end of his term. This being all the evidence, the Court gave judgment for the defendant, and overruled the plaintiff's motion for a new trial.

We think the facts thus shown did not constitute a sufficient defence to the action. As a general rule a tenant is estopped from denying the title of his landlord, and there is nothing shown in this case which should bring it within the exceptions which have been allowed. Judgment reversed with costs, &c.