WILLIAMSON *v.* ASH.

*A.* died the owner of a building, part of which was used for a dry-goods store, and the residue for a dwelling. The widow continued in the dwelling, and the heirs leased the store-room to *B.* The whole building having afterward been set off to the widow for her dower, she brought suit against *B.* for the rent which had accrued for the use of the store-room before her dower was assigned. *Held*, that the suit would not lie.

ERROR to the *Putnam* Circuit Court.

*Friday, May 30.*

PERKINS, J.—Assumpsit by *Ash* against *Williamson*, for rent of a store-room. Judgment below for the plaintiff.

The case is this. *Isaac Ash* owned a building, erected and used in parts, for two purposes—one part for a dwelling, and one for a mercantile store-room. He died. *Catharine Ash*, the plaintiff, was his wife, and his widow. She continued to occupy the dwelling-house. The heirs took possession of, and rented the store-room. After a year or more had elapsed, the house, including the store-room, was, upon application of the widow, set off to her as dower. Subsequently she brought this suit against *Williamson*, who had been the tenant of the heirs, to recover the rent of the store-room from the time of her husband's death.

The store-room was real estate, and at the death of *Isaac Ash*, descended to his heirs. The only right pos-

sessed by the widow, was to apply for dower in it. Till that was done, the heirs had exclusive control.

But for the statute giving the widow a right to occupy the dwelling, the heirs might have excluded her from that. The right to occupy the dwelling did not extend to the store-room. It was not appropriated to, nor in any way necessary for the use or convenience of the dwelling-house. The fact that it was, on demand of dower in her husband's real estate, set off to her, gave her no right of action for previous use and occupation by tenants of the heirs. Her remedy would be in damages against the heirs for detention of her dower.

The cases establishing the foregoing propositions are, *Grimes* v. *Wilson*, 4 Blackf. 331, *Smith* v. *Addleman*, 5 id. 406, *Strong* v. *Bragg*, 7 id. 62, *Adkins* v. *Holmes*, 2 Ind. 197.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with instructions to the Circuit Court to dismiss the suit.

*J. M. Hanna* and *D. E. Williamson*, for the plaintiff.

