## Murray and Another *v.* Mounts and Another.

Where the widow of a decedent is in the possession and control of his real estate, and leases the same for a stipulated rent, and before the rent becomes due, under the terms of the lease, such real estate is partitioned between the widow and other heirs of the decedent, the tenant is only accountable to the said widow and

heirs, respectively, for the rent, in the proportions in which they severally take the real estate, and not to the widow for the whole.

APPEAL from the *Bartholomew* Common Pleas.

HANNA, J.—Suit on an agreement for the payment of rent for the use of a tract of land during the year 1860; averment of non-payment.

Judgment for the defendants.

The parties agreed to a statement of facts, upon which the Court found for the defendants, in substance, as follows: "The execution of the agreement was admitted, and that *Mounts* took possession of and cultivated the land, under the said agreement, but had not paid part of the rent reserved, because, at the time the land was rented to him, by said female plaintiff, she was in possession thereof, as the widow of one *Adams,* who died in possession, leaving her in possession, in 1857, and who had, before then, to wit, in 1846, executed a deed, without his said wife joining therein, to his two daughters; that, at the May term, 1860, of said Court, one of said daughters applied for partition of said lands, claiming that she was entitled to one-half of the same, and her sister to the other half, subject to the widow's dower. The plaintiffs herein, answered, and admitted the facts stated, and asked that the widow's dower be set off. The other sister, being a non-resident, was notified by publication. The Court, at said term, ordered partition, etc., in accordance with said petition and cross-petition, and appointed commissioners, whose report was, at the September term, confirmed; that *Mounts* paid the plaintiffs the amount of rent due on the part set off to the widow, and paid the daughter who applied for partition, the rent for the part set off to her, and refused to pay for the balance of the land set apart to the absent daughter, being about fifty dollars, because of the want of authority in the plaintiffs, to receive the same."

By the contract, the rent was to be paid on the 25th day of December, 1860.

Should the plaintiffs have recovered on these facts; and, if yea, were the pleadings in a condition to authorize a judgment?

It has been held, that the heirs, not the widow, have the right to control real estate, (except as named in the statute,) upon the death of the ancestor, until dower, when dower is assignable, has been set apart. *Williamson* v. *Ash,* 7 Ind. 495. But, by sec. 17, p. 250, 1 R. S., it is provided, that, under certain circumstances, one-third of the real estate of a deceased husband shall descend to the widow. It has been held, under this, that she takes, as heir of her husband. *Frantz* v. *Harrow,* 13 Ind. 508. *Johnson* v. *Lybrook,* 16 *Id.* 474. Sec. 110, p. 273, 2 R. S., gives the administrator, if there is " no heir or devisee " present, etc., the right to take possession, and receive rents, etc.

It is thought that, perhaps, any one heir might take possession, in behalf of himself and all others. The widow, as before noticed, is an heir.

The facts in this case, admitted, show that the deceased was in possession at the time of his death, and left the widow in possession, who held the same until the partition named.

Whether the widow, or any other one heir, where there are several, can legally take possession of the whole, and lease and receive rents therefor, is a question we need not look into, because it is shown, that at the time of the partition, the rents reserved had not accrued, became due, by the contract; that the widow had received the portion due upon the part set apart to her; consequently, her right to control the balance of the real estate, and receive rents therefor, ceased, and the tenant was accountable to others for said occupancy. *Page* v. *Lashley,* 15 Ind. 153. That the tenant could show that fact, see *Kinney* v. *Doe,* 8 Blackf. 350; *Casey* v. *Gregory,* 13 B. Mon. 507.

This may be, and, perhaps is, in conflict with the case of *Life* v. *Secrest*, 1 Ind. 512, unless the latter can be sustained on the ground that the administrator had authority, under the statute, to rent lands, and appropriate the rents to the discharge of debts.

*Per Curiam.*—The judgment is affirmed, with costs.

*William Singleton*, for the appellants.

*Francis T. Hord*, for the appellees.