## ATKINSON & CO. v. PITTMAN.

EXEMPTIONS: *Judgments; Set-off.*

Pittman recovered judgment against Atkinson & Co. for $379. In the same court Thompson recovered judgment against Pittman for $548, and Atkinson & Co. purchased this judgment and filed a motion to set it off against the judgment of Pittman against them. Thereupon Pittman filed his schedule claiming the

judgment recovered against Atkinson & Co. among his exemptions, and show-ing that he was a married man, a resident of the state and head of a family, and his whole personal property—including the judgment—did not exceed $500. Held: that he was entitled to the exemption and the judgments could not be set off.

APPEAL from *Jefferson* Circuit Court.
Hon. JOHN A. WILLIAMS, Judge.

*W. P. & A. B. Grace* for Appellant.

Whether the appellants are entitled to set off their judgment against appellee against his judgment against them, depends upon the construction of *Sections 5173–74, Mansf. Dig.;* and *sec. 2, art. 9, Const. 1874.* This was allowed in *3 Minn., 419,* and *21 Barb., 424–37.*

It is argued that this would be in effect to deprive appellee of his constitutional exemptions. But this is not so. The constitution only protects the debtor's property from "seizure on attachment, or sale on execution or other process." The motion to set off is not included in either the terms or spirit of the constitution. The parties here are mutually indebted to each other, and the only debt due is really the balance found after deducting the smaller from the larger. Just and legal obligations operate of themselves to extinguish each other *pro tanto.*

*N. T. White* for Appellee.

1. The judgment in this case was purchased by Atkinson & Co. *after* the judgment of Pittman against them, and can not be set off. *Waterman on Set-off, secs. 46, 75 and note b; Mansf. Dig., secs. 5038, 5173.*

The judgments are not mutual or due from the same parties.

2.   Appellee is entitled  to  claim his  judgment as exempt. *Sec. 3422, Mansf. Dig.; 31 Ark., 652; 42 Ark., 410.*

The proceeding attempted  to  be followed  in  this  cause, would be taking the property of appellee exempt by law, and on "final process" subjecting it to appellant's debt.   This can not be done.

BATTLE J.   The appellee, John  E. Pittman, recovered a judgment in  the  Jefferson circuit court  against appellants, R. G. Atkinson & Co., for $379.63.   Frank Tomlinson recovered a judgment in  the  same court against Pittman for the sum of $548.40.   After Pittman  recovered judgment against them, R. G. Atkinson & Co. purchased the judgment recovered  by Tomlinson, and filed  a  motion in the Jefferson circuit court to set off one judgment against the other.   Pittman responded to the motion, saying that appellants had purchased the judgment against  him  subsequent to  the  rendition  of his  judgment against them, and for the sole  purpose  of  using it as a set-off against his judgment; and  gave notice and filed a schedule, in which he stated that  he was and  is a resident of  the  state, a married man and head  of  a family, and that  the  total value of his  personal  property,  including  the  judgment  recovered against appellants, did  not  exceed  the  sum  of  $500; and claimed the  judgment recovered  by  him  as  a  part  of  the exemption allowed him by the constitution  of  this state.   On the hearing the  court  sustained  the  schedule, and  held that Pittman was  entitled  to  hold  his  judgment  as  a  part of  his constitutional  exemption,  and  refused  the  motion.    R.  G. Atkinson & Co. then filed  a  motion for a new trial, which was denied; and they saved exceptions and appealed.

The motion to set off judgments filed  in  this case is based upon a statute of this state, which reads as follows:

"*Sec. 5173.*   Judgments for the recovery  of  money may be set off against each other, having  due  regard  to the  legal and

equitable rights of all persons interested in both judgments. The set-off may be ordered, upon motion, after reasonable notice to the adverse party, where both judgments are in the same court, or in an action by equitable proceedings in the court in which the judgment sought to be annulled by the set-off was rendered."

It is contended by appellee that to allow the set-off asked for by appellants would be, in effect, to deprive him of his constitutional exemptions. On the other hand it is contended by appellants that they and appellee are, on account of these judgments, mutually indebted to each other, and that the only debt due is the balance due after deducting the smaller from the larger judgment; and that they operate of themselves to extinguish each other *pro tanto*.

The principle contended for by appellants is the rule of the civil law. "The civil law admitted a set-off in the name of compensation, which has been defined to be 'the reciprocal acquittal of debts between two persons who are indebted the one to the other,' or 'the extinction of debts of which two persons are reciprocally debtors to one another by the credits of which they are reciprocally creditors to one another.'" According to the civil law, "as soon as the person who was the creditor of another, becomes his debtor in a sum of money, or other demand, which may be the subject of compensation with that of which he was creditor, and *vice versa*, as soon as a person who was a debtor of another becomes his creditor in a sum which may be the subject of compensation with that of which he is debtor, compensation takes place, and the respective debts are immediately extinguished by operation of law, to the extent of their concurrence." *Waterman on Set-off, secs. 12, 13.* But the common law does "not recognize the principle of compensation and extinguishment of debts, by the mere operation of law, as established and maintained by the

civil law;" and does "not allow the defendant in an action at law to plead that the plaintiff is indebted to him in as much or more, than he is indebted to plaintiff; but leaves him to his remedy by another action at law to recover his debt against the plaintiff," unless the nature of the employment, transactions, or dealings, necessarily constitute an account consisting of receipts and payments, debts and credits, and then the balance only is considered the debt, and nothing more can be recovered." *Small v. Strong, 2 Ark., 206.* The right of set-off in this state derives its being from the statute of 1818. But the statutes of this state do not recognize the rule of compensation and extinguishment of debts of the civil law. Under our statute the defendant can set up by way of set-off a debt due him from the plaintiff as a defense, or, if he elects to do so, bring another and separate action to recover his debt.

It follows then that these judgments held by appellants and appellee did not extinguish each other by operation of law, to the extent of their concurrence, but remain in full force and effect, unaffected by each other. The judgment recovered by Pittman is still his personal property, and, under the decisions of this court, may be selected and held by him as a part of his constitutional exemption. Frank Tomlinson could not have reached and condemned it to the satisfaction of the judgment recovered by him, before his assignment thereof, by process of garnishment, if Pittman had claimed the protection of the constitution. The same facts exist now, which gave Pittman the right to hold it under the constitution exempt from seizure on attachment or other "process from any court on debt by contract," as existed when Tomlinson held the judgment recovered by him. Pittman has done nothing to forfeit it as an exemption. His right to hold it as a part of his exemption under the constitution remains as it did before appellants purchased the Tomlinson judgment.

But appellants contend that while the judgment recovered by Pittman against them cannot be reached by attachment, execution or garnishment, it can be reached by set-off under the statute—that the constitution does not prevent it being reached and condemned to the satisfaction of their judgment by that mode of procedure. We have seen that these two judgments did, and do, not operate to extinguish each other to the extent of their concurrence. It follows then, that the proceeding sought to be invoked in this case is only a substitute for an execution or garnishment to reach and condemn Pittman's judgment to the satisfaction of that held by appellants, and is clearly a "process of court" in the sense those words are used in section 2 of article 9 of the constitution of this state.

In *Curlee v. Thomas, 74 N. C., 51,* Thomas recovered a judgment against Curlee for $193. Curlee subsequently obtained a judgment against Thomas for $60 upon a cause of action existing at the time of Thomas' judgment, but which was not pleaded. A motion was made by Curlee in the superior court, in which both judgments were docketed, to allow his judgment against Thomas to be credited on Thomas' judgment against him. It appeared that Thomas did not own the amount of personal property exempt by the statute, exclusive of the judgment against Curlee. Curlee's motion was therefore denied, on the ground that the proceeding sought to be invoked was "final process," within the meaning of the constitutional provision exempting a certain amount of personal property from final process. The court said: "If the plaintiff had issued an execution against the defendant upon his judgment it is clear that she would have been entitled to her personal property exemption against it. Her judgment against the plaintiff was personal property, and, if it was required to make up the amount to which she was entitled under the constitution, it would have been the duty of the officer having

the execution to allot it to her. The plaintiff can be in no better situation, and the defendant in no worse, by this short-hand way of getting the benefits of an execution without its burdens. To give effect to such motions as this would be, in many cases, to deny this benign provision of the constitution." *Thompson on Homesteads and Exemptions, secs. 892, 894; Wilson v. McElroy, 32 Pa. St., 82; Collett v. Jones, 7 B. Mon., 586.*

We find no error in the judgment of the court below and it is affirmed.