MINNIE MAY RAULERSON AND ELIZABETH MARY RAULER-
SON, MINORS, BY THEIR NEXT FRIEND CHARLES HENRY
RAULERSON, AND HERMAN CLEVELAND RAULERSON,
CHARLES HENRY RAULERSON AND JOSEPH SAMPSON
RAULERSON, *Plaintiffs in Error*, v. W. H. PEEBLES AND
MARY GIBBS, *Defendants in Error*.

### Opinion filed February 21, 1919.

1. A homestead acquired by the head of a family residing in
   this State passes upon his death to his widow and heirs free
   from any obligation, incumbrance or lien created by the per-
   sonal debts of the head of the family. The exemption of
   the land from liability for the debts of the head of the fam-
   ily passes to the widow and heirs as incident to the inheri-
   tance of the land by them.

2. Actual ownership of land within the limits prescribed by the
   Constitution and its occupation by the head of a family re-
   siding in this State impresses the land with the character of
   a homestead.

3. Land which constituted the homestead of a person in this
   State is not an asset in the hands of the owner's adminis-
   trator.

A Writ of Errer to the Circuit Court for DeSoto
County; John S. Edwards, Judge.

Judgment reversed.

*Leitner & Leitner,* for Plaintiffs in Error.

*Treadwell & Treadwell,* for Defendants in Error.

ELLIS, J.—This was an action of ejectment brought by
the pltintiffs in error who are children of John Rauler-

son, deceased, against the defendants in error, to recover the possession of eighty acres of land in DeSoto County, and mesne profits. The court directed a verdict for the defendants, and judgment was enterted thereon in favor of the defendants. To this judgment the plaintiffs took a writ of error.

Both parties claim title through the same source. The plaintiffs as the children of John Raulerson, deceased, the defendant Peeples and his immediate grantor under an administrator's sale of the land to pay the debts of John Raulerson who died in the year 1903 or 1904.

The evidence in the case shows that John Raulerson bought the land, consisting of eighty acres, from William A. Scott, in June, 1989, went into possession of it at ance, moved upon it with his family consisting of a wife and several children, made improvements upon the land, built a dwelling-house upon it, cleared land and cultivated it, and lived there with his family until he died. After his death his family continued to live on the place for a short while. No one applying for letters of administration upon his estate, the county judge upon petition of Dr. T. J. Myers, a creditor, made an order directing the sheriff of the county to take charge of the estate and administer on and settle it.

About three months after the order above mentioned was made the sheriff by petition before the county judge obtained an order for the sale of the real estate at private sale. The sale was made to Jesse Knight, and the report of it was confirmed by order of the court. This sale was made in April, 1906. In January, 1909, Knight and wife conveyed to the defendant, W. H. Peeples.

When Peeples went into possession no one was occupying the place.

It does not appear from the evidence that the eighty acres of land at the time of John Raulerson's death was situated within the limits of any incorporated city or town. At the time of John Raulerson's death the land and improvements thereon were exempt from forced sale under process of any court, as his homestead. Art. X, Constitution of 1885. The homestead which Raulerson had thus established inured to his widow and heirs. Sec. 2, Art. X, Constitution, 1885. It was not subject to the payment of his debts. The lands descended to his widow and heirs free from any obligation, incumbrance or lien created by Raulerson's personal debts. The exemption of this land from liability for Raulerson's debts passed on his death to his widow and heirs, and was incident to the inheritance of the land. See Miller v. Finegan, 26 Fla. 29, 7 South. Rep. 140; Scull v. Beatty, 27 Fla. 426, 9 South. Rep. 4; Hinson v. Booth, 39 Fla. 333, 22 South. Rep. 587; McDougall v. Meginniss, 21 Fla. 362; Armour & Co. v. Hulvey, 73 Fla. 294, 74 South. Rep. 212; Pasco v. Harley, 73 Fla. 819, 75 South. Rep. 30.

The actual ownership of the land by the elder Raulerson and its occupation by him and his family impressed the land with the character of a homestead. Such has been the law in this State since the Constitution of 1868. See Baker v. State, 17 Fla. 406; Solary v. Hewlett, 18 Fla. 756; Finlayson v. Love, 44 Fla. 551, 33 South. Rep. 306; Hedick v. Hedick, 38 Fla. 252, 21 South. Rep. 101.

The land involved in this litigation was exempt from forced sale under process of any court during that period of Raulerson's lifetime when he lived with his family

upon the land as his home. When he died the land was impressed with the character of a homestead. It inured to the benefit of Raulerson's widow and heirs. It descended to them free of the claims of creditors. "The property which they could not take from the head of the family when he was living, they cannot take from his heirs after his death." Miller v. Finegan, *supra*.

The land was not assets in the hands of the administrator. He had no authority to sell the land to pay the debts of Raulerson and the court had no power to direct or authorize him to do so. The sheriff's sale of the land was a nullity, it was without authority in law, it was void under the constitution and conveyed no title whatsoever to the purchaser.

The objection of the plaintiffs below to the proceedings before the county judge in which the sheriff as *ex officio* administrator obtained an order of sale of the Raulerson homestead should have been sustained, as also their objection to the introduction in evidence of the sheriff's deed to Knight and the latter's deed to the defendant Peeples. There was error also in refusing the plaintiff's request for an affirmative charge to the jury.

Because of these errors, it follows that the judgment should be reversed, and it is so ordered.

All concur.