MINNIE MAY RAULERSON, ET AL., *Appellants*, v. W. H. PEEPLES, *Appellee*.

## Opinion Filed March 20, 1920.

1. Equity has jurisdiction to correct a mistake in a description of land in a deed and may enjoin a suit in ejectment against a party who has entered under a deed containing an erroneous description, where it is necessary to a proper defense to correct the description to show his right of possession; but will not enjoin such suit where the deed if corrected would constitute no defense in the ejectment suit.

2. Under our statutes the widow may retain the dwelling house and improvements until her dower is assigned, which may be done upon her petition, or that of the heirs, as provided by the statute; but as to other land of which she is to be endowed, can only be ascertained by assignment; and she has no right of entry until assignment, and if the heirs bring ejectment she being in possession, she can make no defense under her claim of dower.

3. A widow entitled to a dower interest in conveying by an instrument in the form of a deed all her interest in land in which dower has not been assigned, makes simply assignment of an equitable claim to have dower assigned; but such instrument confers upon her grantee no right of entry at law.

4. There must be a judgment for the plaintiff in ejectment before proceedings can be instituted by the defendant therein under the Act for the relief of occupying claimants. Sec. 1971 Gen. Stats. 1906.

An Appeal from the Circuit Court for DeSoto County, George W. Whitehurst, Judge.

Order reversed.

*Leitner & Leitner* and *R. W. Randell,* for Appellants;

*Treadwell & Treadwell,* for Appellee.

## STATEMENT.

On the 1st day of May, 1919, the complainant filed his bill against these defendants and others, asking that the common law suit of ejectment now pending in the Circuit Court of DeSoto County, between the complainant and the defendants, be enjoined, and that the complainant be given a lien for his improvements placed upon the said land, while he was supposed to be the owner thereof.

The bill further alleges that there are two 40-acre tracts of land in question; that the complainant bought this property when it was worth practically nothing, and has made valuable improvements thereon; that his title comes through the administrator's sale of the estate of John Raulerson, and a deed from Betsy Wheeler, the wife of the said John Raulerson, deceased; that the deed from Betsy Wheeler, conveyed the interest of the said Betsy Wheeler which is the dower interest of one-third in the said property, and in this deed the description was erroneously written, as to one of the forties; that this deed from Betsy Wheeler, conveyed to the complainant one-third undivided interest in the said property for the life of the said Betsy Wheeler, but that the deed was erroneously drawn as to one of the forties, and the complainant is unable to properly defend the common law action of ejectment, as the complainant has no deed to one of the forties.

The bill further alleges that the defendants brought an ejectment suit against him for the recovery of the two forties, and in the lower court he won the suit, but in the Supreme Court it was held that the title of the complainant was void, therefore the complainant was sure that the defendants would win in said common

law suit, that appellants were insolvent, and that if they did win, he would be deprived of the improvements he had placed upon the said property while he thought he owned the same.

The bill further alleges that because of the erroneous description of the one forty made by the said Betsy Wheeler in conveying her dower interest in the said property, the complainant is unable to properly defend the ejectment suit, and asks that the said ejectment suit be enjoined, and the deed from Betsy Wheeler conveying her dower interest in one of the said forties be corrected, and that the complainant be given a lien over both forties, for his improvements placed thereon during the time he thought he owned the property.

Upon the filing of this bill, the complainant asked the court for a temporary injunction enjoining the said defendants from prosecuting the said ejectment suit, and upon the hearing of the said motion, the court granted the temporary injunction.

After granting the temporary injunction the defendants moved to dissolve the same, which motion the court denied. The defendants then demurred to the bill, which demurrer the court overruled. From the several orders to-wit: the order granting the temporary injunction, the order refusing to dissolve the temporary injunction, and the order overruling the demurrer, the defendants have appealed.

WILLIS, Circuit Judge, (after stating the facts).—We shall discuss the assignments of error in the reverse order from that in which they are presented for the reason that

if the demurrer should be held sufficient, it would be decisive of the case without reference to the other assignments.

Where a demurrer is filed, some of the grounds of which go to the whole bill and others to only a part of the bill, the demurrer will be overruled, if there is any equity in the bill.

The bill sets up that there was a mistake in the description of the land in the deed and prays for a reformation of such deed. This is certainly sufficient to give equity jurisdiction for the reformation of the deed.

There was no misjoinder of parties as defendants, the deed sought to be reformed covered the lands claimed by the appellants and they were proper parties to be joined as defendants with the makers of the deed.

The motion to dismiss the bill was properly denied.

The bill does not allege that the dower right of the grantor of appellee had been assigned, but by fair inference from the bill we can treat it as admitted by the bill that it had not been assigned and set aside as required by law for the alloting of dower to the widow.

At common law a dowress could not enter until her dower had been assigned, nor could she, "although her (the widow's) right becomes consummate by the death of her husband, yet she has no seizin in law, nor has she any right of entry, nor can she exercise any act of ownership over the lands upon which her right has attached, until the ministerial act of assigning to her a third part in severalty had been performed." 2 Scribner on Dower, (2nd ed.) p. 26, Sec. 4.

At common law a dowress could not enter until her dower had been assigned and after dower had been assigned and she had entered into possession she immediately became seized for her life of a freehold estate with the usual incidents of such an estate, and she could convey it and it could be taken on execution by her creditors. 2 Scribner on Dower (2nd ed. 27 et seq). Windham v. Portland, 4 Mass. 384, text 388; Sheafe v. O'Neil, 9 Mass. 13.

These principles of the common law have been modified by statute in this State.

"The widow may retain the full possession of the dwelling house in which her husband most usually dwelt next before his death, together with outhouses, offices or improvements thereto belonging, free from molestation or rent, until she shall have her dower assigned to her."

Under this Section, the widow may retain the dwelling house, offices and improvements until her dower is assigned, and it is the duty of the heirs or legal representatives of the estate after the lapse of two months after the death of the husband to have the dower assigned to the widow (Sec. 2318 Gen. Stats. 1906) ; and upon their failure to do so after two months the widow upon her petition may have dower set aside (Sec. 2312 Gen. Stats. 1906), but until her dower is allotted the widow may retain possession of the dwelling house, offices, outhouses and improvements connected therewith, and before the allotment of her dower she may defend the possession of the same against all persons, including the heirs. This right of possession of the dwelling house, etc., "Is not a dower right but a right given by the statute to one having a dower right." Sloan v. Missouri Pacific Ry. Co., 74 Mo. 47.

The appellee does not claim to be in possession of the dwelling house, out-buildings, etc., described in the statute, but alleges in his bill "there was only a small boxed building on the premises which was uninhabitable and which orator moved therefrom (the land in controversy) it being entirely worthless for any purpose."

Whatever title or right of possession the appellee may have is derived through the deed from Betsy Wheeler who had an unassigned right of dower in the lands.

"As a right of dower, until it is legally and duly assigned, is a right vesting in action only, the general rule is, that at law, it cannot be aliened so as to enable the grantee to bring an action therefor in his own name. A widow may release her claim of dower to the terre-tenant so as to bar herself, but she can invest no other person with a legal title thereto until it has been assigned," and many courts of the country under this principle derived from the common law have held that a conveyance of the unassigned dower of a widow conveys nothing and is a nullity, but we think the better view adopted by many of the States is this, "While courts of equity fully recognize the rule that at law, the widow's right of dower, previous to an assignment, is not such an interest as can be made the subject of a conveyance to a stranger by any of the ordinary modes of conveying freehold estates, so as to vest the legal interest in the grantee, yet in those courts, if the widow be entitled to an immediate assignment of dower, the want of a mere formal assignment is not considered material, and her contract concerning her interest may be of such character that it will be enforced.' Secs. 33 and 37, Scribner on Dower (2nd ed.).

"A widow's right of dower in property of her deceased husband cannot, before its assignment in the manner prescribed by law, be conveyed by her to a stranger, so as to confer on him rights enforceable in an action at law, but such conveyance is valid and enforceable in equity." Flowers v. Flowers, 84 Ark. 557, 106 S. W. Rep. 949, 120 Am. St. Rep. 84.

This court in Smith v. Hines, Adm'r., 10 Fla. 258, said: "A right to dower is an interest contingent during the life of the husband, but rendered absolute by his death;" and in that case held that when the widow died before assignment of dower to her, her representative could enforce claim for her dower interest in the personal property. This court in May, Adm'r. v. May, 7 Fla. 207, text 219, said: "Although the widow might have had some sore of equitable claim to a portion of the income of the estate anterior to the assignment of her dower," we think that though in the form of a deed that the conveyance from Betsy Wheeler and her husband to J. B. Benton, equity regarding the substance and not the form should be held to be an assignment of her right of action for dower and conferring upon said Benton or his assigns all the rights of Betsy Wheeler to have dower assigned.

The assignee of Betsy Wheeler can surely have no greater right than his grantor possessed or could possess save for her conveyances, and she could not have defeated the action of ejectment because she was entitled to dower.

The Supreme Court of Iowa in the case of Cavender v. Smith 8 Clarke (Iowa) 360, text 364, said of unassigned dower in an action of the nature ejectment: "She claims to hold possession of the 'mansion-house and messauge' until her dower is assigned. By Magna Charta, (Chapter

7), the widow was allowed this possession, for forty days from the death, unless her dower was sooner assigned, which was called *quarantine*. This is still the law in these states, save where statute has changed it. See the cases hereafter cited. But the right of dower—the dower being unassigned—could not be set up against one holding the fee, after the expiration of the quarantine. Even the heir could expel her and drive her to action. Jackson v. Donaghy, 7 Johns., 247; Sheafe v. O'Neil, 7 M. R. 13; Moore v. Gilliam, 5 Munf. 346; Doe v. Natt, 2 Carr. & P. 430; Chapman v. Armistead, 4 Munt. 382; 4 Kent, 61, 62; 1 Thos. Coke, 584; Grimes v. Wilson, 4 Blk., 331; 2 Ib. 260; Smith v. Addleman, 5 Ib. 406; Strong v. Bragg, 7 Id. 62; Williamson v. Ash, 7 Ind. 495; Adkins v. Holmes, 2 Ib. 197."

"But in this country the land of which the widow is to be endowed can only be ascertained by assignment; and she has no right of entry until assignment is made. So that if the heir should bring his writ of entry against the widow, she being in possession, she could make no defense under her claim of dower until it had been lawfully assigned." Hildreth v. Thompson, 16 Mass. *191, text 193. See also Sheafe v. O'Neil, 9 Mass. 13.

It is clear to our minds that a widow having the right of dower or her assignee in possession of the land before the dower has been ascertained and allowed, cannot plead it to defeat a suit in ejectment. This being so, the correction of the mistake in the deed could not be of benefit to the appellee in the ejectment suit, but could only be beneficial to him in a proper proceeding to enforce the dower right of Betsy Wheeler as assigned.

Equity may take jurisdiction and enjoin the prosecution of a suit in ejectment where there is a mistake or erron-

eous description in the deed under which he entered into possession and it is necessary in his defense to produce his deed in evidence with the correct description, but will not enjoin prosecution of such suit although if the deed as reformed would constitute no defense.

The appellee alleges in his bill that he has greatly improved the property and that the appellants are insolvent and prays the court to require the appellant to pay appellee for the work done and improvements placed on the land.

Even if such claim could be maintained which we do not decide it can only be heard after there has been a judgment in favor of the plaintiff in the ejectment suit. Mountain v. Roche, 13 Fla. 581; Duncan v. Jackson, 16 Fla. 338; Asia v. Hiser, 22 Fla. 378.

There being no sufficient allegations in the bill to justify the granting of an injunction the order granting such temporary injunction is reversed.

PER CURIAM.—The record in this cause, having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by the Court that the order herein be and the same is hereby reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.