VOL. 79, JANUARY TERM; 1920. 391

Hill v. F. Natl. B., Marianna et al.—Syllabus.

HANNAH HILL, *Plaintiff in Error*, v. FIRST NATIONAL BANK OF MARIANNA, FLORIDA, AND H. A. BOWLES, SHERIFF OF JACKSON COUNTY, FLORIDA, *Defendant in Error*.

## Opinion Filed March 26, 1920.

1. Constitutional and statutory provisions relating to homestead exemptions are liberally construed in the interest of the family home.

2. The homestead right is not limited to a mere holding of the legal title to the exempt property "from forced sale." It contemplates and includes the beneficial, peaceful and uninterrupted use and enjoyment of such property. Such right is superior to the claim of creditors. The policy of the law concerning it is to preserve the home for the family, even at the sacrifice of just demands, and to protect the family from destitution and want.

3. The theory of the law with relation to homesteads is based upon the idea that as a matter of public policy, for the promotion of the prosperity of the State and to render independent and above want each citizen of the government, it is proper he should have a home where his family may be sheltered and live beyond the reach of financial misfortune and the demands of creditors who have given credit under such a law.

4. To allow a defendant the benefits of a plea of set-off in an action brought against him to recover the amount of damage sustained because of his wrongful invasion of plaintiff's homestead right would, if defendant's plea prevail, result in the subjection by indirect methods of exempt property to the payment of defendant's demands against the plaintiff, although its subjection thereto directly is not permitted.

5. One cannot accomplish by indirect means what he is prohibited from doing directly.

6. The amount of compensation for actual damage sustained because of an unlawful invasion of plaintiff's homestead rights, which he is entitled to recover, partakes of the nature of the homestead property and is exempt.

7. B recovered a judgment against H and another. Execution issued upon such judgment and was levied upon certain personalty and certain realty of H. The property so levied upon was claimed by H as exempt from seizure and sale for the purpose of satisfying such judgment upon the ground that it was the homestead of H and exempt from forced sale under the Constitution and laws of this State. Upon an application to enjoin the sale the Circuit Judge held such property not to be exempt, but upon appeal to this court this order was reversed and the property held to be exempt from forced sale for the satisfaction of such judgment. Thereafter defendant in execution sued the plaintiff in execution to recover certain damages alleged to have been sustained because of the wrongful seizure and sale of such property. In this suit the original judgment was attempted to be set off against plaintiff's claim. Held: that such judgment is not available as a setoff against plaintiff's claim for damages to her exempt property and that the plea attempting to set off such judgment against plaintiff's claim is not allowable.

A Writ of Error to the Circuit Court for Jackson County; C. L. Wilson, Judge.

Judgment reversed.

*D. L. McKinnon,* for Plaintiff in Error;

*Paul Carter,* for Defendant in Error.

WEST, J.—The declaration in this case is, omitting formal parts, as follows:

"The plaintiff, Hannah Hill, sues the defendant, First National Bank, of Marianna, Florida, a corporation, and

H. A. Bowles as Sheriff of Jackson County, Florida, because the said Sheriff by the direction of the said bank, levied an attachment and execution in favor of said bank against plaintiff and H. A. Bowles as administrator of John Hill, deceased, on the E.½ of N. E.¼, Sec. 8, T. 4 R. 10 W. in which plaintiff owned a two-thirds undivided interest, except one acre, and sold the same under said execution, both defendants well knowing at the time that she was the head of a family living upon the homestead, that it was exempt from forced sale under the Constitution and laws of Florida, notwithstanding plaintiff claimed said exemption, and duly applied to said sheriff in the manner prescribed by law to have the same exempt as her homestead before said sale. That in consequence of said levies and sales she failed to make a crop on said land, as she did not know how soon she might be dispossessed, and was put to much expense, trouble and annoyance to obtain a living for herself and orphan grandchildren that year and the succeeding year, 1917. That she had to employ counsel at great expense to bring suit to have said levies and sales set aside, and to enjoin plaintiffs from making any further sale of said homestead, and said suit was carried to the Supreme Court of State at great expense to her before it was finally decided and she put to much trouble, loss of time and expense in attending the Circuit Court and preparing her case, for which she claims $150.00 damages.

"2. And for second count plaintiff alleging each and every allegation in the first count says, that said defendants levied said attachment and execution upon one cow and calf of the value of $35.00 belonging to plaintiff and sold them, notwithstanding she protested against the sale, claiming them as exempt to her. Therefore she claims $300.00 damages."

There were pleas of (1) not guilty; (2) no damage to plaintiff as alleged...... (3) that the sale of said property was made after a' final decree had been entered in the Circuit Court of Jackson County, in a suit brought by plaintiff to enjoin such sale, in which it was held that the property described in the declaration was not the homestead of the plaintiff and was not exempt from, but was subject to sale under the execution levied thereon by the sheriff of the county; (4) denying that defendants knew that plaintiff was, at the time of such sale the head of a family residing upon said land and that it was exempt from forced sale under the Constitution and the laws of this State, and (5) denying that plaintiff duly applied to said sheriff, before said sale, to have said land exempt as a homestead.

The sixth plea is as follows:

"That at and before the institution of this suit, the plaintiff was indebted to the defendant, The First National Bank of Marianna, Florida, in' the sum of Eight Hundred Sixty-one and 32/100 Dollars and interest thereon at eight per cent from October 20, 1915, in this to-wit: That the Circuit Court of Jackson County, Florida, on the 20th day of October, 1915, in the suit of The First National Bank of Marianna, Florida vs. Hannah Hill et al. duly rendered a judgment against the said defendants, for the sum of Eight Hundred Thirty-one and 15/100 Dollars, and also Thirty and 17/100 Dollars, costs of court, and said judgment is of record in Minute Book S, page 42, Minutes of the Circuit Court of Jackson County, Florida, and is wholly unpaid and unsatisfied, and de-defendants here offer to set off so much of said judgment against plaintiff's claim as may be necessary to cover the same."

The seventh plea is the same in substance as the sixth pleading the same judgment as a set-off in slightly different form.

Issue was joined on the first and second pleas. All the other pleas were demurred to. The demurrer was sustained as to the third, fourth, and fifth, but overruled as to the sixth and seventh. There was a replication to the sixth and seventh pleas to which a demurrer was sustained and the case proceeded to trial.

At the conclusion of the testimony the court instructed the jury that, "the Constitution of the State of Florida exempts from levy and sale a homestead of one hundred and sixty acres of land without the limits of an incorporated town or city to any head of a family residing in the State, I, therefore, instruct you that if the sheriff levied the execution on the homestead of the plaintiff, as alleged in the declaration, and sold it under execution in favor of the First National Bank of Marianna, a corporation, it was a trespass, and the plaintiff is entitled to recover all the damages she sustained in consequence of said levy and sale, and also for the value of the cow aid calf, if you find from the evidence that the sheriff levied upon and sold them under said execution. You will ascertain from the evidence the amount of damages which the plaintiff sustained, including any attorneys' fese she has paid or contracted to pay in the injunction suit, allowing interest on the amount from the commencement of this suit. You will then deduct this amount from the judgment of the First National Bank of Marianna plead as a set off, and render a verdict in favor of said bank for the balance due upon said judgment."

There was a verdict accordingly and judgment pursuant thereto by which it was adjudged that plaintiff take nothing by this action and that the defendants have

and recover from her their costs expended therein. The case is here upon writ of error for review. For convenience we shall in this opinion refer to the parties as plaintiff and defendants.

Several rulings of the trial court are assigned as error, but the principal contentions are that, first, a judgment is not a proper subject of set off in any case, and, second, that a debt or demand arising under contract is not available as a set off in an action of tort. There is, however, presented by this record a question more important than either of these. It goes to the right of the defendants to set-off the judgment described in defendants' sixth and seventh pleas against the claim for damages described in plaintiff's declaration and is, we think, the decisive question in the case. If defendants' judgment is not available in any event as a set off against plaintiff's claim as described in her declaration for damages, a decision of the two questions stated becomes unnecessary.

By Section 1 of Article X it is ordained that: "A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, together with one thousand dollars' worth of personal property, and the improvements on the real estate, shall be exempt from forced sale under process of any court, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists.   *   *   *   and no judgment or decree or execution shall be a lien upon exempted property except as provided in this article."

Constitutional and statutory provisions relating to homestead exemptions are liberally construed in the in-

terest of the family home.  Milton v. Milton, 63 Fla. 533, 58 South. Rep. 718; 13 R. C. L. 547.

The property described in the declaration has been held by this court to be the homestead of the plaintiff and "exempt from forced sale."  Hill v. First National Bank of Marianna, 73 Fla. 1092, 75 South. Rep. 614.

It is a matter of record and was also stated in the oral argument in this case that the judgment offered to be set off against plaintiff's claim is the identical judgment which this court, reversing the court below, had held was not a lien upon the property described in the declaration and from which judgment and the execution issued thereon such property was exempt from sale.  So that the question is whether this judgment may be available as a set off in a suit by plaintiff against the defendant bank and the sheriff of the county to recover damages sustained by her because of the unlawful levy upon and sale of her homestead under such judgment?  Such homestead itself was exempt from forced sale, and plaintiff could not be lawfully deprived of its use and enjoyment by any coercive process.  The actual damage sustained by her because of the injury suffered as a result of the trespass by defendants upon the exempt real property and the conversion by them of the exempt personalty, and the judgment recovered therefor partake of the nature of the homestead property and are also exempt. Thompson on Homestead and Exemptions, Sec. 748; Millington v. Laurer, 89 Iowa 322, 56 N. W. Rep. 533, 48 Am. St. Rep. 385; Reynolds v. Haines, 83 Iowa, 342, 49 N. W. Rep. 851; Keiser v. Seaton, 62 Iowa 463, 17 N. W. Rep. 664; Ellis v. Pratt City, 111 Ala. 629, 20 South. Rep. 649.

In the case of Carter's Admrs. v. Carter, 20 Fla. 558, it was held that when property which may be claimed as

exempt from the satisfaction of debts has been sold or converted into money by an administrator, the heirs entitled to such property may claim its value out of funds in the hands of the administrators. By analogy it would seem to follow necessarily that where injury has been sustained because of an unlawful seizure and sale of exempt property that the amount recovered as compensation for such injury within the constitutional limit would likewise be held exempt. The fallacy in the court's holding was due to a failure to recognize this principle. By such holding defendants were permitted in a measure to do indirectly what they were forbidden to do directly. The homestead of plaintiff is adjudged to "be exempt from forced sale under process of any court" and yet, under the charge of the court, in this case the amount of damage sustained by her because of an unauthorized "forced sale" of such exempt property and for which damage, under the charge of the court, she was entitled to recover, is taken from her and given to defendants as a part payment on a judgment which the court had adjudged could not be enforced against such property.

The homestead right is not limited to a mere holding of the legal title to the exempt property "from forced sale," it contemplates and includes the beneficial, peaceful and uninterrupted use and enjoyment of such property. Such right is superior to the claims of creditors. The policy of the law conferring it is to preserve the home for the family even at the sacrifice of just demands and to protect the family from destitution and want.

"The whole theory of the law with relation to, homesteads is based upon the idea that as a matter of public policy, for the promotion of the prosperity of the State, and to render independent and above want each citizen

VOL. 79, JANUARY TERM, 1920. 399

Hill v. F. Natl. B., Marianna et al.—Opinion of Court.

of the government, it is proper he should have a home where his family may be sheltered, and live beyond the reach of financial misfortune, and the demands of creditors, who have given credit under such a law." 13 R. C. L. 543; Carter's Admrs. v. Carter, *supra*.

The rights of the wife and family in homestead real estate are such that it can not be alienated without the joint consent of husband and wife when that relation exists (Section 1, Article X, Constitution of Florida), and an attempted conveyance in which there is not such joinder when such relation exists is ineffectual to convey any title to such property. Thomas v. Craft, 55 Fla. 842, 46 South. Rep. 594. The benefits of the homestead exemption law may not be waived by a householder in such a way as to deprive his family of its protection. Carter's Admrs. v. Carter, *supra*. Neither does the death of such householder strip property so impressed of its character as a homestead. It descends to his heirs exempt from liability for the indebtedness of the head of the family (Section 2, Article X, Constitution of Florida), and the right of the heirs to its exemption after it passes to them is not dependent upon a use by them of such property as a homestead. Miller v. Finegan, 26 Fla. 29, 7 South. Rep. 140; Raulerson v. Peeples, 77 Fla. 207, 81 South. Rep. 271.

To allow a defendant the benefits of a plea of set off in an action brought against him to recover the amount of damage sustained because of his wrongful invasion of plaintiff's homestead rights would, if defendant's plea prevailed, result in the subjection by indirect methods of exempt property to the payment of defendant's demands against plaintiff, although its subjection thereto directly is not permitted. The soundness of this assertion is sus-

ceptible of demonstration. In the case under consideration the exempt personal property of plaintiff alleged to have been levied upon and sold by defendants under the judgment in their favor against plaintiff, is one cow and calf. This cow and calf were sold and were never returned to plaintiff. Suppose that instead of one cow and calf taken there had been taken twenty cows of the aggregate value of $400.00 and that such cows had been sold and not returned to plaintiff just as the one cow and calf were. Plaintiff clearly would have been entitled to recover the value of such cows because of the unwarranted conversion of them, the court having previously held them exempt from forced sale because of their character as homestead property. But by way of set off defendants plead the very judgment that had been held unenforcible against such property, and upon a trial the court directs a verdict in favor of plaintiffs, but directs further that the amount of such verdict shall be credited on the the judgment of the defendant bank against plaintiff which was pleaded as a set off against plaintiff's claim. It is perfectly clear that such procedures operates to defeat entirely the whole purpose of the exemption law by subjecting exempt property to the payment of the debts of the owner and deprives it of a right secured by organic law. So far as the defendant bank is concerned, it amounts in the end to the same thing as permitting it to proceed directly against such property in the satisfaction of its judgment and gives to it all the benefits of its unlawful forced sale of plaintiff's exempt homestead property.

It may be said that the Constitution protects homestead property from a "forced sale" only and that the plea of set off in this case does not amount to a "forced sale" of plaintiff's exempt property. But such conten-

tion would be out of harmony with what the courts almost universally hold to be the object and policy of exemption laws. It ignores the rule of liberal construction to which this court and many other courts are committed. In this case it would give to defendants the fruits of a "forced sale," although such sale was illegal and therefore wrongful. It would permit defendants to do indirectly what they are enjoined from doing directly, and thereby defeat the beneficial purpose of the law. Judicial sanction should not be given to a construction which leads to this result.

We hold, therefore, that a plea of set off is not allowable in a case of this kind. To hold otherwise would be to destroy the spirit and efficacy of the homestead exemption laws. In so holding we are in accord with the great weight of authority. Thompson on Homesteads and Exemptions, Sec. 893; Freeman on Executions, Sec. 235; Millington v. Laurar, supra; Cleveland v. McCanna, 7 N. D. 455, 75 N. W. Rep. 908, 66 Am. St. Rep. 670; Ex parte Hunt & Tally, 61 Ala. 1; Collier v. Murphy, 90 Tenn, 300, 16 S. W. Rep. 465, 25 Am. St. Rep. 698; Wilson v. McElroy, 32 Pa. St. 82; Beckman v. Manlove, 18 Cal. 389; Treat v. Wilson, 65 Kan. 729, 70 Pac. Rep. 893; Curlee v. Thomas, 74 N. C. 51; Stagg's Heirs v. Piland, 31 Tex. Civ. App. 245, 71 S. W. Rep. 762; Atkinson & Co. v. Pittman, 47 Ark. 464, 2 S. W. Rep. 114.

Defendants' sixth and seventh pleas set up no defense to the cause of action stated in plaintiff's declaration and such pleas should have been stricken. There was also error in the court's charge to the jury.

The judgment is reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.