MINNIE MAY RAULERSON, ELIZABETH MARY RAULERSON, HERMAN CLEVELAND RAULERSON, JOSEPH SAMPSON RAULERSON AND CHARLES HENRY RAULERSON, *Appellants* v. WILLIAM H. PEEPLES, *Appellee*.

### Opinion Filed February 16, 1921.

1. An execution is the writ which directs and authorizes an officer to carry into effect the final judgment or decree of a court.

2. Injunction will not lie to stay the eviction process of an ejectment suit, pending betterment proceedings for the recovery of improvements, until after final judgment in the betterment suit.

3. A writ of possession is the method of executing a judgment of ejectment, and Sec. 1625, General Statutes of Florida, 1906, provides how a stay of the execution may be had, and it is not necessary to invoke the aid of a court of chancery to stay the execution of the judgment in ejectment.

4.  Where a bill presents no independent equity and the only
    relief sought is one for which there is a plain, adequate and
    complete remedy at law the resort to a court of chancery is
    unnecessary and improper.

An Appeal from the Circuit Court for DeSoto County; George W. Whitehurst, Judge.

Decrees reversed.

*Leitner & Leitner,* for Appellants;

*Treadwell & Treadwell,* for Appellee.

BROWNE, C. J.—This is an appeal from interlocutory orders of the chancellor, granting a temporary injunction to William H. Peeples, and denying the defendant's motion to dissolve the injunction and overruling a demurrer to the bill of complaint.

The parties to this appeal have been before this court twice before in connection with the property involved in this appeal.

The parties who are appellants in this case first brought a suit in ejectment against William H. Peeples for the recovery of the possession of 80 acres of land in DeSoto County. Upon an order of the trial judge directing a verdict for the defendant, writ of error was taken to this court and the judgment reversed.  Raulerson v. Peeples, 77 Fla. 207, 81 South. Rep. 271.

Peeples thereafter obtained an injunction against the plaintiffs in the ejectment suit, restraining them from prosecuting their action of ejectment. From the orders granting the temporary injunction and refusing to dis-

solve it, and overruling the demurrer to the bill, the defendants appealed, and the decree of the lower court was reversed. Raulerson v. Peeples, 79 Fla. 367, 84 South. 370.

After the decision of this court in the second case, the ejectment suit was tried and a verdict rendered for Minnie May Raulerson and her co-plaintiffs, finding that the land in question was the property of the plaintiffs, and awarding them damages and mesne profits. Peeples then filed a bill to stay the eviction process of the ejectment suit, until betterment proceedings, which he contemplated immediately instituting against the defendant for the re- covery of the improvements mentioned in the bill, and to restrain and enjoin the defendants, their agents, servants, attorneys and other employees from interfering with the defendant's right to possession until after the final judgment in the betterment suit.

A demurrer to the bill for want of equity was overruled. One of the questions raised by the demurrer is that the only relief sought by the bill is to stay the execution of the judgment of ejectment, and if the complainants are entitled to stay the enforcement of the judgment, 1625 General Statutes of Florida, provides how this may be done, and it is not necessary to invoke the aid of a court of chancery to stay the execution. Robinson v. Yon, 8 Fla. 350. Barnett v. Hixon, 52 Fla. 457, 41 South. Rep. 606. It is contended that Sec. 1625 of the General Statutes does not apply to ejectment proceedings, and that a writ of possession is not an execution. An execution is defined as "The act of carrying into effect the final judg- ment or decree of a court. The writ which directs and authorizes the officer to carry into effect such judgment," Bouvier's Law Dictionary.

The case of Hinton v. McNeil, 5 Ohio 509, was a suit in ejectment. In the opinion the court said: "As to the second ground, when a person claims the right to possess a tract of land which is in possession of another, the law gives such person the action of ejectment, in which his right is tried; if he shows that he has the right of possession, judgment is rendered for him; he then has a right to have an *habere facias poss.*, commanding the marshal or sheriff, the executive officer of the court, to remove the defendant from the premises recovered, and put the plaintiff in; when in, he has gained the object of his suit, and government, or the law, will, in that suit, do no more for him. If he is afterward disturbed he must resort to another action. He can not have another execution. 2 Wheat. Selw. 565. If, after the judgment, the defendant leaves the premises, or the lessor can take possession of them peaceably, he may do so without execution, and he will be protected by his judgment, as he would have been had he been put in on execution by the proper officer. He has as fully got the object of his suit. 13 Johns 234. The execution and the officer were unnecessary, as there was no objection or resistance to his taking possession. When he has obtained possession, he can not afterward have an execution. Adams on Eject. by Tillinghast, 312. When the lessor is in without execution, as he has precisely the same rights, he is protected by his judgment to the same extent, why should not the effect be the same? Why should he after have an execution? The defendant in either case has the same right to commence an action of ejectment against the lessor, or him whom he puts into possession, and a recovery in the second action against the lessor would make void, as has been before said, the first judgment. If, where there had

been no execution on the first judgment, one could still issue, it would defeat the effect of the second recovery."

It will be seen from this citation that the court used the term execution several times when referring to the writ of possession.

The bill presents no independent equity, and as the only relief sought, is such that if the defendant in ejectment is entitled to any relief, there is a plain, adequate and complete remedy by law, the resort to a court of chancery was unnecessary and improper.

Should application be made under Chapter 1625, General Statutes, a question will arise that although not discussed in the briefs, we feel it necessary to advert to. The contest over this propery has been before this court in Raulerson v. Peeples, 77 Fla. 207, 81 South. Rep. 271; and Raulerson v. Peeples, 79 Fla. 367, 84 South. Rep. 370. The bill in the instant case admits that the deed through which Peeples claims the property and by virtue of which he went upon and improved it, was null and void, because Minnie May Raulerson and the other plaintiffs in the ejectment suit were the heirs at law of John Raulerson, deceased, and that the premises in question was the homestead of John Raulerson, and his heirs were entitled to the property free from the claim of creditors.

In the case of Raulerson v. Peeples, *supra*, this court held: "The land involved in this litigation was exempt from forced sale under process of any court during that period of Raulerson's lifetime when he lived with his family upon the land as his home. When he died, the land was impressed with the character of a homestead. It inured to the benefit of Raulerson's widow and heirs. It descended to them free of the claims of creditors." Should

application to stay the eviction process be made under Chapter 1625, the question will then be presented, whether this land, which is impressed with the character of a homestead, can be subjected to a claim for betterments, consisting of clearing the land, improving the dwelling house, planting orange and grapefruit trees, erecting barns and other outhouses and draining and fencing the land, when the result of a judgment for these·betterments would be to subject the homestead property to forced sale to satisfy the judgment?

As this question is not presented in the case under consideration, it is not decided; but attention is directed to the case of Hill v. First National Bank of Marianna, 79 Fla. 391, 84 South. Rep. 190, as bearing upon it.

The decrees of the chancellor granting a temporary injunction, overruling the motion to dissolve the injunction, and overruling the demurrer to the bill, are reversed.

TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.