**LOVERIDGE, et ux v. BUEHLER, et al.**
**No. 3779.**

Circuit Court, Brevard County.

September 12, 1957.

Snow & Campbell, Cocoa, for plaintiffs.

Rossetter & Poe, Melbourne, for defendants.

VOLIE A. WILLIAMS, Jr., Circuit Judge.

This cause comes before the court for consideration on defendants' petition for an order to set aside sheriff's sale and on plaintiffs' motion to dismiss, and the court having heard arguments of counsel, and having considered plaintiffs' memorandum brief and defendants' memorandum brief, finds as follows—

On April 29, 1955, plaintiffs filed their affidavit for a distress warrant; a praecipe for the warrant was issued on the same day as was the distress warrant. The distress warrant was served by J. W. Dunn, deputy sheriff, on April 30, 1955—"by levying on the following described property, list attached: . . .".

A default was entered on May 14, 1955 for failure of the defendants to appear. Final judgment by default was rendered on the same day and on the dates of May 20 and 27, 1955, a notice of sheriff's sale was published in the Cocoa Tribune advertising the fact that the distrained property would be sold on May 31, 1955, said notice being signed by the sheriff.

The report of the sheriff's sale was filed on June 7, 1955, in which he advised the court that he had sold the property to the plaintiffs for the sum of $3,000.

On June 25, 1957, the defendants filed their petition to set aside the sheriff's sale and for other alternative relief to which petition the plaintiffs filed their motion to dismiss.

The defendants' petition to set aside the sale is based on the proposition that there having been no writ of execution entered in the proceeding, the sale of the distrained property was void. The court recognizes that generally speaking, this is a correct statement of the law. 13 Fla. Jur., Executions, section 5, page 457.

In this instance, however, the court is of the opinion that the general rule is not applicable. The purpose of obtaining an execution is to lawfully place the property in the hands of the officer whose duty is to follow the directions of the court.

In this proceeding, the property of the defendants was levied upon by the sheriff one day after the institution of the suit and it remained in his lawful custody from that time until he delivered it after the sale to the purchaser. The property was in the custody of the law awaiting final determination of the suit, and the original levy was really a preliminary execution, dependent for its ultimate efficacy upon the rendering of a final judgment in the plaintiffs' favor.

Our Supreme Court, in Raulerson v. Peeples, 87 So. 629, defined "execution" as—"the act of carrying into effect the final judgment or decree of a court; the writ which directs and authorizes the officer to carry into effect such judgment." In this instance, it was not necessary to confer upon the sheriff any writ of execution to obtain lawful custody of the property. It had long been in his custody and he was capable of carrying into effect the court's final judgment without it insofar as it related to the property originally levied upon, which the record discloses was the property sold.

It is to be borne in mind that a landlord has a lien for rent and this lien is one provided for by the common law. The common law provides that no notice to the tenant for a distraint for rent is required to perfect the possessory lien valid in common law. The requirement of notice is simply a prerequisite to the right of sale given by statute. See 32 Am. Jur., section 643, Landlord and Tenant.

Section 83.08, Florida Statutes 1955, gives to a landlord a lien for rent upon the property found upon or off the premises.

Section 83.13 provides for the levy of the distress warrant upon property liable therefor.

Section 83.17 provides that if the defendant shall not appear on the return day of the writ and file an affidavit, the court shall ascertain what rent is due to the plaintiff and shall enter judgment for the same for default with cost against the defendant. This section further provides that if the property has been restored to the defendant as provided for in section 83.14, the court shall enter judgment against the sureties on the bond and execution shall issue and be enforced as in other cases.

Section 83.18 of the statutes provides the procedure to be followed in the event the defendant shall appear and file an affidavit that the rent is not due and that if the verdict in such contested proceedings is for the plaintiff, judgment shall be rendered against the defendant for the rental due and interest and costs and judgment shall also be rendered against the sureties on the defendant's

bond, if the property has been restored to the defendant, and execution shall issue and be enforced as in other cases. This section further provides that if the judgment or finding of the court shall be for the defendant, the proceedings shall be dismissed and the defendant shall have judgment and execution against the plaintiff for costs.

It will, therefore, be noted that this section does not provide for an execution except where the property has been delivered to the defendant under bond, as provided for in section 83.14, or if the verdict or judgment shall be for the defendant.

Section 83.19 provides that the property shall be sold if the verdict and judgment are for the plaintiff and the same has not been replevied and the proceeds applied upon the payment of the execution of the plaintiff.

This is the first place in the distress statutes that the word "execution" is used where the judgment is for the plaintiff and the property has not been restored to the defendant.

The property, as heretofore stated, is already in the hands of the sheriff under the levy of the distress warrant provided for in section 83.13. The issuance of and the levy of an execution after judgment is rendered would amount to nothing, as the property is already in the hands of the sheriff awaiting the outcome of the case—that is, if the judgment is in favor of the plaintiff, the sheriff then advertises and sells the property to satisfy such judgment, and if the judgment is in favor of the defendant, then the sheriff shall, on the order of the court, redeliver the property to the defendant.

In 21 Am. Jur., Executions, section 95, page 53, may be found what this court considers to be both the majority and minority rules for situations such as this. Since it appears that this is a case of first impression in the state of Florida, the court feels that the better reasoned rule is the apparent minority rule which states the ". . . . validity of title of purchaser at sheriff's sale is unaffected by failure of officer to make a levy, at least where there is a pre-existing lien of the judgment on the property to be sold." 21 Am. Jur., Executions, section 95, page 53. This rule appears to have been adopted by the California courts in McFall v. Buckeye Granger Warehouse, 122 Cal. 468, 68 A.S.R. 47, and Bagley v. Ward, 99 Am. Dec. 261.

Even if the court were not inclined to the view as stated above, it feels that the defendants in this case are guilty of laches as the irregularities complained of have been acquiesced in by the defendants for more than two years after the date of this sale. While

the court recognizes there is no enforceable rule as to the time within which a motion to set aside a sale must be made, this court inclines to the view that waiting for a period of more than two years to bring this action makes these defendants guilty of laches.

The courts have differentiated the vacation of sales involving land and sales involving personal property. In Abercrombie v. Conner, 10 Ala. 293, the court said—"It has been declared that, where land is sold, a mere right of action passes to the purchaser, whereas, when chattels are sold, the possession thereof is delivered. In the latter cases application to set aside the sale must be immediate or at least as soon as reasonably may be or delay must be excused . . .". In Trevalhan v. Ithica Organ Co., 7 Penna. Co. 347, and other cases cited at 23 Corpus Juris, page 676, we find—"After a sale of personal property and after the purchase money has been paid, and the possession delivered to the purchaser, it is too late to set aside such sale upon mere motion."

We also find in Betchel v. Weir, 15 L.R.A. N.S. 55, the following language—"Many courts have adopted the doctrine that one cannot claim an absolute right to have a sale vacated unless he shall show that he has sustained extreme injury by reason of the irregularity."

The doctrine of laches is bottomed, not simply on the number of years elapsing between accrual and assertion of rights, but on unreasonable delay in enforcing rights, coupled with disadvantage to the person against whom the right is asserted.

Whether laches exists depends on whether the delay resulted in injury, embarrassment or disadvantage to any person and particularly to the person against whom relief is sought. Bethea v. Langford (Fla.), 45 So. 2d 496; Halstead v. Florence Citrus Grower's Ass'n. (Fla.), 139 So. 132; De Huy v. Osborne (Fla.), 49 So. 131; Miami Bank & Trust Co. v. Mahlstedt (Fla.), 144 So. 659; Sample v. Natalby (Fla.), 162 So. 493.

In arriving at this decision, the court has carefully considered Coward v. Venable (Fla.), 98 So. 219, and Geiger v. Henry (Fla.), 32 So. 874, referred to by the defendants in their brief—but it does not appear either case is determinative of the facts presented herein.

The court would say that had the plaintiffs sought to levy upon and sell property of the defendants not included in the original return of distress warrant by the sheriff its opinion would be materially changed. Also, were this a strictly in personam action, a different conclusion would be reached, but as the Supreme Court observed in Blanchard v. Raines, 20 Fla. 468, 474, the legislature

has provided that service may be obtained by seizure of the property against which the lien is declared to exist and no personal judgment results. Here, the plaintiffs chose to proceed only against the levied upon property. By so choosing, for the reason hereinabove stated, no execution was necessary.

It is therefore ordered that plaintiffs' motion to dismiss defendants' petition to set aside sale is granted.