WILLIAM E. SCULL, APPELLANT, VS. WILLIAM BE-
ATTY, ET AL., APPELLEES.

1. Under the constitution of 1868 a homestead is not subject to testamentary disposition; and although a homesteader may leave a will as to his homestead, he dies intestate.

2. A resident legatee in a will of a decedent who enjoyed in his lifetime, and up to the time of his death, a homestead in this state, cannot claim as against the non-resident heirs of the testator, property exempt as a homestead from debt under the constitution and laws of Florida.

3. James Beatty being the head of a family, became the owner of twenty acres of land in Duval county, Florida, in 1872 and occupied it as a home with his family until his death in 1882; he left surviving him, a wife, now dead, and three children by a former marriage, non-residents of the state of Florida; by the terms of a will left by said Beatty, a legacy of one thousand dollars was directed to be paid to a son of his wife by a former marriage, and a resident of the State of Florida: *Held*, that the homestead of said Beatty, descended to his non-resident heirs, and was not subject to pay said legacy.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion of the court.

*Frank W. Pope* for Appellant.

*Fletcher & Wurts* for Appellees.

MABRY, J.:

On the 25th day of October, 1887, Eliza J. Todd filed a bill in chancery in the Duval Circuit Court

against William Beatty, Mary McQuinn and William A. McQuinn, as sole heirs at law of James Beatty, deceased, to foreclose a mortgage for $400, executed by said decedent in his life time, and his wife, Angelina Beatty, on the 8th day of November, 1879, on certain real estate situated in Duval county, Florida.

The proceedings in this suit resulted in a final decree for complainant, and a sale of the real estate therein mentioned under said decree by a master in chancery appointed for that purpose. The master reported that he had sold said real estate on the first Monday in April, 1888, in pursuance of said decree, and after making all the disbursements from the proceeds arising from said sale, as directed by said final decree, a surplus of $1,090.06 remained in his hands subject to the order of the court.

The appellant William E. Scull, by leave of the court, filed in said cause on the 5th day of March, 1888, his petition asking to be allowed to intervene, and that the court by decree direct that the sum of $1,000 be paid him out of the surplus arising from the sale of said real estate. Appellant avers in his petition that in October, 1863, Angelina Beatty, then Angelina Scull, was duly married to James Beatty in the State of Indianna, and at the time of the marriage said Angelina had, one child, appellant herein, then five years old, the fruit of a former marriage, and that said James Beatty at said time had three children by a former marriage, to-wit: Lotta Beatty, William Beatty and Mary Beatty, now Mary Mc-

Quinn, two of whom, William and Mary, are defendants in the said suit of Eliza J. Todd against them and William A. McQuinn; that James Beatty and wife soon after their said marriage moved to Florida in the year 1872, bringing with them said appellant, then a child, and said Lotta Beatty, and that the other children of said James Beatty have never resided in Florida, the said William Beatty being a resident of the State of Illinois, and said Mary and her husband being residents of the State of Indianna, and neither of them intend to reside in the State of Florida; that at the time of the marriage of James Beatty and Angelina Scull the former was in very straightened circumstances, and the latter owned some personalty, and was, with appellant, seized and possessed of certain real estate situated in the State of Ohio; that the real estate in Ohio was rented at an annual sum of $200 from the —— day of ————, 1863, to the —— day of ————, 1882, at which time it was sold, and the proceeds thereof belonging to said Angelina, as well as the rents belonging to appellant theretofore received, were controlled and used by said James Beatty; that in the year 1872, after their arrival in Florida, James Beatty purchased twenty acres of land situated in Duval county, (being the same land described in the mortgage, the subject of foreclosure in the suit of Eliza J. Todd against William Beatty *et al.*,) and that said James Beatty and his said wife founded a home upon said twenty acres of land and continued to reside upon the same until the day of his

death, which occurred on the —— day of May, 1882, and said Angelina and Lotta continued to occupy said home up to the time of their deaths ; that said decedent, James Beatty, left a last will and testament which has been duly admitted to probate in the office of the County Judge of Duval county, and by the terms of said last will the sum of $1,000 was bequeathed to appellant; that not alone was it affection by said Beatty for Angelina and appellant that moved him to make such bequest, but said Beatty being a just man, was in part, as appellant believes, influenced thereto by the consideration of his control and use of the money aforesaid accruing to appellant and his mother from said estate in Ohio, and the fact that appellant stayed and worked at home with said Beatty, upon said land until he attained his majority, contributing considerably thereby to the support of the family and the improvement of said premises ; the letters of executorship on said will were duly granted to said Angelina and Lotty Beatty, and they duly qualified as executrices on said estate and continued to act as such during the time of their respective lives ; that Lotta Beatty died on the 29th day of January, 1886, and Angelina Beatty died on the 4th day of October, 1886, and subsequently one William James applied for and was appointed administrator *de bonis non cum testamento annexo* of the estate of said James Beatty, and qualified as such; that said James as such administrator having disposed of all the personal property of said estate for $61.80, and expended it in payment of costs

and charges of administration, applied to the County Judge of Duval county for an order to sell said real estate to pay the debts of said estate, consisting, as alleged in his petition therefor, of $400 and interest, being a note and mortgage indebtedness which is now being foreclosed in said suit of Eliza J. Todd vs. William Beatty et al., and $1,000 which by the terms of said will was bequeathed to appellant; that an order was obtained and due advertisement of the sale of said land made when, on the day of the sale thereof, the representative of the parties claiming interest protested against said sale on the ground that said land was the homestead of said James Beatty, and incapable of being devised by his last will and testament, and thereupon no sale of said land was made; that thereafter, on the 25th day of October, 1887, the said Eliza J. Todd instituted her said foreclosure suit in the Duval Circuit Court to foreclose the said mortgage executed by said decedent, James Beatty and his wife, on the said real estate, and that William Beatty, Mary McQuinn and William A. McQuinn, are the only defendants thereto, that on the 27th day of January, 1888, a final decree was rendered in said foreclosure suit for complainant for $529 principal and interest, and $100 counsel fees, and said land directed to be sold by a master in chancery to satisfy said decree and costs, and should said premises sell for more than sufficient for this purpose, for the master to bring

the surplus into court to abide the further order thereof ; that the said will and executorship of said Angelina and Lotta thereunder were acquiesced in by said defendant until after the deaths of said Angelina and Lotta, and no claim was made counter thereto until said premises were to be sold to satisfy the debts of said estate, and among them the legacy or debt of appellent ; that there was formed the determination by said alien defendants to defeat the claim of appellant, a resident citizen of Florida, and in pursuance thereof the said William James, as administrator of said estate, appellant, and the said last will and testament of James Beatty were ignored, and said foreclosure suit instituted against said defendants alone, for the purpose of letting said premises sell to satisfy said mortgage indebtedness, and said defendants to have the surplus, they, nor either of them, never at any time intended to occupy or claim the said land as a homestead; that appellant has never been paid his said legacy or part of it, and there is no property of said estate out of which it can be paid except the surplus arising from said foreclosure sale, and further, said defendants do not deny the validity of said will and that it was the intention of said James Beatty that appellant should be paid his said legacy out of said land, but nothwithstanding the fact that all of them are non-residents of the State of Florida, and do not intend to live here, and all are adults, and have been since before the ac-

quisition of said land by James Beatty, deceased, they claim that said premises having been the homestead of their said father upon his death, it descended to them as his heirs, and that all of the surplus arising from the sale of said premises belongs to them.   The prayer of the petition is that appellant be allowed to intervene, and for such process as the court may direct, and that the court will adjudicate and direct the payment of the said legacy of appellant out of said surplus.   A copy of the will is attached to the petition, and the legacy given to appellant is provided for in the following clause of the will: ''I give and bequeath to my wife Angelina and my daughter Lotta all the real estate and all the personal estate owned by me at my decease, for their own use and benefit during their natural lives; and I authorize said Angelina and said Lotta to dispose of said real estate and personal property, or any part thereof at any time they may deem it judicious to do so.  At the death of said Angelina the sum of one thousand dollars shall be paid to her son, William E. Scull.''

On motion of defendants said petition was dismissed, and from the decision of the court dismissing the same, said petitioner, William E. Scull, appeals to this court, and herein assigns the following errors:

1. In dismissing the petition of intervention.

2. In holding that non-resident adult heirs who have

no intention of establishing a residence in Florida, are entitled to a homestead here.

3. In holding that the homestead of the ancestor accrued to non-resident adult heirs.

4. In holding that non-resident heirs took the homestead relieved of otherwise valid claims against it.

5. In holding that heirs had not waived the privilege of homestead by the foreclosure sale.

6. In holding that money, the surplus proceeds of the foreclosure sale, was a homestead accruing to non-resident heirs.

7. In holding that the non-resident heirs were entitled to the surplus proceeds of foreclosure sale.

8. In rendering judgment against appellant.

This contest is over the surplus proceeds arising from the sale of real estate under foreclosure proceedings. The appellant claims as legatees under the will of James Beatty, deceased, and defendants, William Beatty and Mary McQuinn, claim as heirs of said decedent. The real estate sold under said foreclosure proceedings was twenty acres of land situated in Duval county, Florida. purchased by James Beatty, deceased, in 1872, and occupied by him and his family as a home up to the time of his death, which occurred in 1882. The said decedent, Beatty, and his wife executed a mortgage on said home place in 1879 for $400, which was foreclosed after his death and that of his wife

28

against his heirs at law, William Beatty and Mary McQuinn, resulting in a decree and sale of said home place, with a surplus of $1,090.06, after discharging said mortgage decree, all costs and expenses. William Beatty and Mary McQuinn are the only surviving children of James Beatty, deceased, and are non-residents of the State of Florida. They have never resided in Florida, and do not intend to make their home here. Appellant is the son of the wife of said James Beatty, deceased, by a former marriage, has been since 1872, and is now a citizen of the State of Florida, and a legatee in said will. At the time of the death of said James Beatty, proceedings to foreclose said mortgage had not been instituted. The case of the appellant when clearly stated is that of a resident legatee in a will claiming as against non-resident heirs, property or the proceeds of property exempt as a homestead from debt under the Constitution and laws of Florida. The Constitution provides that "a homestead to the extent of one hundred and sixty acres, or the half of one acre within the limits of any incorporased city or town, owned by the head of a family residing in this State, * * * shall be exempt from forced sale under any process of law, and the real estate shall not be alienable without the joint consent of husband and wife, when that relation exists." It is also provided that this exemption shall accrue to the heirs of the party having enjoyed or taken the benefit of such ex-

emption.  Constitution of 1868, Article IX, sections 1 and 3.  What is necessary to impress real estate in this State with the character of a homestead under the above provision of the Constitution has been defined by this court in several cases.  Solary vs. Hewlett, 18 Fla., 756; Oliver vs. Snowden, Ibid, 823; Drucker vs. Rosenstein, 19 Fla.. 191; McDougall *et al.* vs. Meginniss *et al.*, 21 Fla., 362.

In the case before us it is clear that the contest is over money arising from the sale of real estate which was the homestead taken and enjoyed by James Beatty in his lifetime.  Miller vs. Finnegan *et al.*, 26 Fla., 29; 7 Southern Reporter, 140.  It is well to observe that this contention does not present a claim for the exemption of personal property of a homesteader, but the controvery is over the surplus of proceeds arising from the sale of a homestead after the death of the homesteader under proceedings to foreclose a mortgage executed by said decedent in his lifetime.  It has been adjudicated in this State and may be regarded as settled that under the Constitution of 1868 the homestead is not subject to testamentary disposition, and although a homesteader may leave a will, as to his homestead, he dies intestate.  Wilson vs. Fridenberg, 19 Fla., 461; Wilson vs. Fridenberg, 21 Fla., 386.

Under the statute of descents in this State whenever any person, having title to real estate of inheritance, shall die intestate as to such estate, it shall descend to his children or their descendants, if any there be. McClellan's Digest, p. 468, sec. 1.  We do not under-

stand appellant to question that the real estate from which the funds arise in this case was the homestead of James Beatty in his lifetime, or that said homestead was not subject to testamentary disposition, and upon the death of said Beatty descended to his children as his heirs at law. His contention is that Beatty's adult children being non-residents of the State of Florida, cannot claim the property as exempt from his just demand as legatee under Beatty's will, he being a resident citizen of the State of Florida. The language of the Constitution is: "The exemptions provided for * * * shall accrue to the heirs of the party having enjoyed or taken the benefit of such exemption." The statute of descents fixes who are the heirs—in this case the children of James Beatty, deceased. The exemption, by the terms of the Constitution, accrues without limitation or qualification to the heirs of the homesteader. Appellant says that in construing homestead provisions where the language used departs from the manifest intention of the Legislature, it must not be taken literally ; that it was the manifest object of the homestead provisions of the Constitution and law to protect a debtor and his family in the enjoyment of a home, and if these provisions are construed in the light of this purpose no protection can be extended to appellees, because they do not reside in Florida, and do not purpose to make their residence here. We cannot accept this construction of the Constitution. The exemption provided for accrues to the heirs of the

William E. Scull v. William Beatty et al.—Opinion of Court.

homesteader, and we cannot by construction engraft a clause that heirs shall be taken to mean "resident heirs," or "minor heirs." Miller vs. Finegan *et al.,* 26 Fla., 29 ; 7 Southern Reporter, 140. In arriving at the meaning of the Constitution we must be governed by its language where it is plain and unambiguous. In construing this clause of the Constitution it it is said by this court in the case of McDougall *et al.* vs. Meginniss *et al.,* 21 Fla., 369, " we do not feel at liberty to amend the Constitution of the State by the interpolation of further provisions therein regulating, the manner or extent of the use of the homestead." The meaning of the Constitution is that the homestead which is exempt from debt, accrues to the heirs without regard to their residences or ages. Upon the death of James Beatty his real estate descended to his children, and the real estate in question being his homestead, the Constitution secured it to them free from forced sale under any process of law.

Our conclusion is, that the decision of the court below in dismissing appellant's petition was correct.

The judgment is affirmed.