G. W. Seashole v. Carrie O'Shields.

191 So. 74
Division B
Opinion Filed July 28, 1939
Rehearing Denied October 6, 1939

*John L. Nixon* and *Frank M. Lipscomb,* for Appellant; *Rinehart, Coulter & Conroy* and *Henry C. Berg,* for Appellee.

CHAPMAN, J.—The record in this case shows the appointment of George S. Coulter as administrator of the estate of James W. O'Shields, deceased, by County Judge's Court of Duval County, Florida, on the 23rd day of February, 1937. An appraisement of the property of the estate shows cash on deposit in a local bank in the sum of $611.71 and an automobile of the estimated value in the sum of $15.00. The total appraised value of the estate is placed at the sum of $626.71.

Appellee here, Carrie O'Shields, the widow and sole heir of the late James W. O'Shields, filed her petition in the County Judge's Court of Duval County, Florida, praying that the entire estate be set aside to her as exempt personal property, free from the claims for funeral expenses and undertaking services in the sum of $251.50 lawfully presented by the appellant and payment demanded out of the funds of the estate previously appraised at a sum less than $1,000.00.

On January 24, 1938, the Honorable J. Ollie Edmunds, Judge of the County Judge's Court of Duval County, Florida, made and entered an order holding that the sum of $251.50 claimed for funeral expenses and undertaking services should be paid out of the funds of the said estate. An appeal from said order was perfected to the Circuit Court of Duval County, Florida, when the Honorable Bayard B. Shields, Judge, on the 17th day of August, 1938, made and entered an order reversing the order dated January 24, 1938, entered by the Honorable J. Ollie Edmunds, Judge of the County Judge's Court, and directed that said money be paid to the widow, free from the claims for funeral expenses and undertaking services. From said order G. W. Seashole, the undertaker, has perfected his appeal to this Court and has assigned as error the aforesaid order.

The question to be decided by this Court is whether or not the property in the sum of $626.71, left by the decedent, lawfully became the assets of his estate.

Section 1 of Article X of the Constitution of Florida provides that 160 acres of land, or one-half acre located within the incorporate limits of a city or town, owned by the head of a family, together with one thousand dollars worth of personal property * * * shall be exempt from forced sale under process of any court * * * but no property shall be exempt from sale for taxes or assessments, or for

the payment of obligations contracted for the purchase of said property or for the erection or repair or improvements on the real estate exempted, or for house, field or other labor performed on the same. * * *

Section 2 of Article X provides that exemptions provided for in Section 1 shall inure to the widow and heirs of the party entitled to such exemption and shall apply to all debts except as specified in said Section.

The case of Raulerson v. Peeples, 77 Fla. 207, 81 So. 271, was an ejectment suit involving the title to 80 acres of land. The evidence showed that Raulerson bought the land in 1889 and immediately went into possession thereof and with his family lived upon it, making improvements and clearing some of the land.

After his death his family continued to live upon the land for a short time. No one applied for letters of administration upon the Raulerson estate. Dr. Myers was a creditor and upon a petition filed before the county judge's court an order was made and entered directing the sheriff of the county to take charge of the estate and to administer upon it. The sheriff filed a petition before the county judge's court seeking an order authorizing the sale of the aforesaid 80 acres of land at private sale. The order was granted and one Jesse Knight bought the property and conveyed it to W. H. Peeples, who went into possession, as no one was occupying the property. This Court held on the above statement of facts, viz.:

"* * * At the time of John Raulerson's death the land and improvements thereon were exempt from forced sale under process of any court, as his homestead. Art. X, Constitution of 1885. The homestead which Raulerson had thus established inured to his widow and heirs. Sec. 2, Art. X, Constitution, 1885. It was not subject to the payment of

his debts. The lands descended to his widow and heirs free from any obligation, incumbrance or lien created by Raulerson's personal debts. The exemption of this land from liability for Raulerson's debts passed on his death to his widow and heirs, and was incident to the inheritance of the land. See Miller v. Finegan, 26 Fla. 29, 7 South. Rep. 140; Scull v. Beatty, 27 Fla. 426, 9 South. Rep. 4; Hinson v. Booth, 39 Fla. 333, 22 South. Rep. 587; McDougall v. Meginniss, 21 Fla. 362; Armour & Co. v. Hulvey, 73 Fla. 294, 74 South. Rep. 212; Pasco v. Harley, 73 Fla. 819, 75 South. Rep. 30.

"The actual ownership of the land by the elder Raulerson and its occupation by him and his family impressed the land with the character of a homestead. Such has been the law in this State since the Constitution of 1868. See Baker v. State, 17 Fla. 406; Solary v. Hewlett, 18 Fla. 756; Finlayson v. Love, 44 Fla. 551, 33 South. Rep. 306; Hedick v. Hedick, 38 Fla. 252, 21 South. Rep. 101.

"The land involved in this litigation was exempt from forced sale under process of any court during that period of Raulerson's lifetime when he lived with his family upon the land as his home. When he died the land was impressed with the character of a homestead. It inured to the benefit of Raulerson's widow and heirs. It descended to them free of the claims of creditors. 'The property which they could not take from the head of the family when he was living, they cannot take from his heirs after his death.' Miller v. Finegan, *supra*."

In the case of Hinson v. Booth, 39 Fla. 333, 22 So. 687, this Court held that the immunity from debts that inures to heirs is appended only to such property as the heirs acquire a right of ownership in at the death of the ancestor. The right of the heir to the property of the ancestor does not

accrue until his said death. The homestead exemption inures to the widow, as a widow, and to the heirs as such, and their respective rights in the property must be determined by the law of descent and distribution. The language used by this Court is, viz. (text pages 347-8, 39 Fla.):

"* * * The statutes regulating dower and the laws of descent but that all that inures to the widow and heirs under the second section quoted from the Constitution is the right to exempt the property from forced sale for the debts of the deceased head of the family. The widow and heirs, on the death of the *pater familias,* acquire their proprietary rights of property *in the things* exempted, not from the constitutional provisions quoted, but entirely from the statutes regulating dower and the descent of property, unaffected by such constitutional provisions, except that the latter instrument appends *to the thing exempted,* in their transmission to the widow and heirs, the feature of *immunity from forced sale for the debts of the ancestor.* * * *"

Section 24 of Chapter 16103, Laws of Florida, Acts of 1933, provides for the descent and distribution of real property of an intestate. Section 165 of Chapter 16103 provides the method of distribution of the estate among the persons entitled to receive the same when the property does not consist of more than the homestead.

The property here involved is less than the homestead and after a careful examination of the entire record, we fail to find error.

The order appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as au-

thorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

## On Petition for Rehearing

WHITFIELD, J.—Upon the death of the husband, there being no lineal descendants, the widow being the sole heir-at-law, the personal property of the deceased husband descended to the wife under Section 24, Chapter 16103, Acts of 1933, Section 5480 (1) C. G. L. Perm. Suppl; and such personal property, being less than $1,000 in value, inured to the widow free from the debts of the husband under Sections 1, 2, Article X, Constitution.

After the personal property of less than $1,000 in value descended and inured to the widow upon the death of the husband, it remained exempt from the debts of the husband incurred during his life; but *after* inuring to the widow it was subject to her valid debts, at least unless she at once became the head of a family and entitled to a homestead exemption in the personal property which inured to her at her husband's death.

Section 165 of the Probate Act of 1933, Section 5541 (133) C. G. L. Perm. Supp., provides:

"If at any time during the course of administration it shall be made to appear to the county judge by petition, and in the event the allegations of said petition shall be denied, then by trial of the issues made, that the estate does not consist of more than the homestead, and exempt personal property of the decedent, the county judge may thereupon direct and order the distribution of said estate among the persons entitled to receive the same and upon said distribution may thereupon enter his order relieving, releasing and discharging the personal representative."

The entire estate of the husband consisted of $626.71 of

personal property. Under the quoted statute it was the duty of the county judge, upon petition, to order the property delivered to the widow as sole heir of her deceased husband, less proper court costs, if any. Whatever claim the appellant may have against the widow for the funeral expenses of her husband may be adjudicated in the appropriate form by due course of law.

Rehearing denied.

BROWN and CHAPMAN, J. J., concur.

BUFORD, J., concurs in opinion and judgment.

THOMAS, J., dissents.

TERRELL, C. J., not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.