SMITH, Chief Judge.
J. Doss Livingston, a resident of Orange County, Florida, died intestate — leaving as survivors his wife and three children. The inventory and appraisement disclosed that the decedent’s total assets were personal property of the value of $1,032.64. A claim in the amount of $576.00 was filed against the estate for the expenses of decedent’s funeral. The administratrix, decedent’s widow, filed a petition in the County Judge’s Court, alleging the foregoing facts and praying that an order be entered directing her to. pay the funeral expenses from the assets of the estate. This request was-denied by the County Judge, whose order recited that only that portion of the estate which exceeds $1,000 could be used to pay the funeral expenses because, to the extent of $1,000, the estate is exempt under §§ 1 and 2 of Article X, Constitution of Florida, F.S.A. We affirm.
The material portions of the cited Constitutional provisions are as follows:
“Section 1. A homestead * * * owned by the head of a family residing in this State, together with one thousand dollars worth of personal property *724 * * * shall be exempt from forced sale under process of any court * * *. [A]nd no judgment or decree or execution shall be a lien upon exempted property except as provided in this Article.
“Sec. 2. The exemptions provided for in section one shall inure to the widow and heirs of the party entitled to such exemption, and shall apply to all debts, except as specified in said section.”
It is not questioned that the decedent in the case at bar was the head of a family residing in this state. The sole issue is whether or not the lower court was prohibited by the Constitution from ordering payment of the funeral expenses from the ■assets of this decedent’s estate. We hold that it was.
As has been stated on numerous ■occasions, the purpose of the constitutional exemption is to shelter the family that lives or survives. This purpose should be ■carried out in the liberal and beneficial ■spirit in which the exemptions were provided and in favor of those entitled to the ■exemptions. When the assets of an estate have been depleted in accordance with the priorities established by § 733.20, Florida Statutes, F.S.A., to the point where there remains only assets consisting of property within the constitutional exemptions, then pursuant to the provisions of §• 734.08, Florida Statutes, F.S.A., the county judge should direct and order the distribution of such exempt property among the persons entitled to receive the same and discharge the personal representative. Applying this procedure to the case at bar, we find that all of the assets of the estate in excess of the $1,000 constitutionally exempt (i. e., the $32.64) had been exhausted in the “class one” expenditures under § 733.20; therefore, the County Judge properly denied the petition for payment of the funeral expenses out of the remaining assets of the estate. The result thus obtained makes it unnecessary for us to determine whether funeral expenses are a “debt of the decedent” or whether they are “costs, charges and expenses of administration” or “a charge against the estate”, because in either event funeral expenses have class two priority under § 733.20, and the payment of funeral expenses may neither be charged against nor paid from personal property protected by the constitutional exemption.
We are aware of certain constitutional and statutory differences between the real property homestead and the constitutionally exempt personal property. However, these distinctions are not material here. Likewise, the decisions of courts in this and other jurisdictions dealing with construction of statutory exemption provisions are not controlling.
The decision in In re Hawkins’ Estate, Fla.1953, 63 So.2d 313, is not pertinent here because in that case the court was dealing with an express provision in the will of the decedent, directing her executor to pay the funeral expenses. The decision turned on the right of that decedent to dispose of constitutionally exempt personalty by will. From the opinion in that case, it is clear that the decedent’s estate consisted of personal property valued at just over $1,000. The statement there made as to what would have been the result in the event the will had not directed payment of the funeral expenses is dictum. In the case at bar there is no will.
We are of the view that the conclusion which we have reached is supported, if not wholly controlled, by the decision in Seashole v. O’Shields, 1939, 139 Fla. 839, 191 So. 74, where the decedent’s estate was appraised at less than $1,000, and the court held that the widow and sole heir was entitled to have this entire estate set aside to her as exempt personalty under §§ 1 and 2 of Article X, Constitution of Florida, and that the claim for funeral expenses would have to be adjudicated in the appropriate forum by due course of law. We cannot accept the distinction which appellant endeavors to draw in urging that under *725 the Seashole decision the exemption is properly applicable to all of the personal property in the 'estate if the total of such personalty is less than $1,000, but under the Hawkins decision, if the total value of the personal property exceeds $1,000, then the ■funeral expenses may be paid from these assets even if such disbursement reduces the constitutionally exempt personal property to an amount less than $1,000. To say the least, such a distinction seems unreasonable and contrary to the clear mandate of the Constitution.
Affirmed.
ALLEN J., and FUSSELL, CARROLL W., Associate Judge, concur.