In re Barbara F. HINEBAUGH, Debtor.

Bankruptcy No. 79–726–BK–J–GP.

United States Bankruptcy Court,
M. D. Florida,
Jacksonville Division.

May 22, 1980.

Robert H. Roth, Raymond J. Rotella, Orlando, Fla., Timothy A. Burleigh, Leesburg, Fla., creditors.

Richard W. Hennings, Tavares, Fla., for debtor.

## ORDER OVERRULING OBJECTIONS TO DEBTOR'S CLAIM OF EXEMPTIONS

GEORGE L. PROCTOR, Bankruptcy Judge.

Creditors have objected to debtor's claim of exemptions on the basis that she does not qualify as a head of a family under Article X, Section 4 of the Florida Constitution.

The undisputed facts are that the debtor's husband died in June 1975, and that, since then, the debtor has not remarried. All of the scheduled debts in this Chapter 13 proceeding are debts acquired by the debtor after the date of her spouse's death. The issue is whether Section 222.19, *Florida Statutes*, exempts the property of the debtor from sale for debts she incurred after the date of the death of her spouse.

Subsection (b) of the constitutional homestead exemption provision states that the exemption shall "inure" to the surviving spouse or heirs of the owner. Florida courts have construed this provision to apply only to joint debts and debts of the deceased spouse but not the individual debts of the surviving spouse. *Seashole v. O'Shields*, 139 Fla. 839, 191 So. 74 (1939); *Chasteen v. Chasteen*, 213 So.2d 509 (Fla. 1st DCA, 1968). To claim exemptions in her own right, the surviving spouse had to prove independent head of family status. *Regero v. Daugherty*, 69 So.2d 178 (Fla. 1954).

The creation of Section 222.19 caused the head of family status—not only the deceased spouse's exemptions—to inure to the surviving spouse. The objecting creditors seek to escape the implications of this statute on two grounds:

(1) is an unlawful attempt by the legislature to amend the constitutions;

(2) this statute cannot be applied retroactively.

The legislative history and decisional law construing this section is limited, but the instant issues were addressed directly in *Judson v. Deboliac*, 14 CBC 66 (S.D.Fla. 1977). There, a bankruptcy trustee's objections to a debtor's claim of exemptions was overruled on the authority of Section 222.-19, the court holding that the statute was not unconstitutional for the reasons claimed here nor was there any problem with retroactivity. The court is entirely in agreement

with the conclusions of and discussion by Judge Mehrtens.

Wherefore, in view of the foregoing discussion, it is ORDERED as follows:

1. The objections of Sun First National Bank of Lake County and ESIC Capital, Inc., are overruled;

2. The findings of fact and conclusions of law entered by the court on April 25, 1980, in this case are incorporated into and made a part of this order.