**In re Nadine Cross DOLLEY, Debtor.**

**Bankruptcy No. 82–507–BK–J–GP.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Nov. 4, 1982.

tential plaintiffs and thus has "not met the burden of showing the impracticability of join-

Charles W. Grant, Jacksonville, Fla., for debtor.

Victor E. Raymos, trustee.

Richard C. Stoddard, Jacksonville, Fla., for creditors.

ORDER OVERRULING OBJECTIONS TO DEBTOR'S CLAIM OF EXEMPTIONS

GEORGE L. PROCTOR, Bankruptcy Judge.

Creditors, Michael F. and Sharon Lee McGee, object to claim of exemptions of the debtor on the basis that she does not qualify as a "surviving spouse" under Article X, Section 4(b) of the Florida Constitution and Section 222.19(2) Florida Statutes.

The undisputed facts show that the debtor has been married on two occasions. The first marriage resulted in issue and was of lengthy duration. The husband of the first marriage died leaving the debtor and children as survivors. The second marriage was childless, lasted only a few months, and ended with divorce.

Article X, Section 4(b) grants exemption rights in homestead and personalty to the head of the family and surviving spouse in the following manner:

(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon ... the following property owned by the head of a family:

der." *Ewh v. Monarch Wine Co., Inc.,* 73 F.R.D. at 133.

(1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon ... or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family;

(2) personal property to the value of one thousand dollars.

(b) These exemptions shall inure to the surviving spouse or heirs of the owner.

Courts dealing with these provisions have held without exception that they should be liberally construed in the interest of protecting the family, e.g., *Milam v. Davis*, 97 Fla. 916, 123 So. 668 (1929) certiorari denied 50 S.Ct. 82, 280 U.S. 601, 74 L.Ed. 646.

Section 222.19(2) Florida Statutes carries out this liberal intent in the following language:

(1) It is the declared intention of the Legislature that the purpose of the constitutional exemption of the homestead is to shelter the family and the surviving spouse, and such purpose should be carried out in a liberal spirit and in favor of those entitled to the exemption.

(2) The head-of-family status required to qualify the owner's property for homestead exemption, permitting such property to be exempt from forced sale under process of any court as set forth in s. 4, Art. X of the State Constitution, shall inure to the benefit of the surviving tenant by the entirety or spouse of the owner. The acquisition of this status shall inure to the surviving spouse irrespective of the fact that there are not two persons living together as one family under the direction of one of them who is recognized as the head of the family.

This Court has previously held that the surviving spouse who has not remarried is entitled to the privileges of Article X, Section 4(b). *In re Hinebaugh*, 5 B.R. 66 (Bkrtcy.M.D.Fla.1980). Our sister Court has held:

There is no limitation as to the time that the surviving spouse shall continue to have this legal benefit.

*In re Hochman*, 2 B.R. 104 (Bkrtcy.S.D.Fla. 1979).

The crucial and overriding issue is whether the debtor is a "surviving spouse" in view of her short-lived second marriage. Neither party has cited nor has the Court's independent research revealed authority on this question.

However, in view of the stated purpose of the constitutional and statutory provisions cited above to protect the family, this Court finds that no disqualification has occurred and that the debtor is a "surviving spouse." She is entitled to the exemptions claimed by her in this case and the creditors' objection is overruled.