MRS. MALLIE NEAL, joined by her husband, S. H. NEAL, *Appellant,* v. A. J. McMULLIAN, *Appellee.*

Division B.

Opinion filed October 3, 1929.

*Millican & Mayhall,* for Appellants;

*Carter, Solomon, Welch & Pierce,* for Appellee.

BUFORD, J.—The complainant exhibited her bill in chancery to enjoin the use of certain lands by the defendant in the operation of a turpentine farm. She based her right to injunction upon a claim of fee simple title to a part of the lands and her right of dower in other lands, the fee simple title to which was vested in her husband.

It was alleged that a lease had been made by the husband to one Melvin for turpentine purposes of all of the lands described in the bill of complaint and that he had delivered possession of the lands to Melvin; that Melvin had gone into possession of the lands and afterwards assigned his leases, rights and privileges and delivered possession of the lands to the defendant.

A demurrer was interposed to the bill of complaint. The chancellor sustained the demurrer to the bill insofar as those lands the title to which was alleged to have been in the husband, S. H. Neal, and overruled the demurrer to the bill insofar as it applied to those lands the fee simple title to which was alleged to have been in Mrs. Mallie Neal. From this order appeal was taken. The complainant bases her right to injunction as to the lands the title to which was in S. H. Neal at the time the lease was made solely upon her right of dower. In Randal v. Krieger, 23 Law Ed., page 124, text 126, the Supreme Court of the United States, defining the right of dower, say:

"Dower by the common law was of three kinds: *Ad ostium ecclesioe, Ex assensu patris,* and that which in the absence of the others the law prescribed. The two former were founded in contract. The latter was the creature of the law. Dower *Ad ostium ecclesioe* and *Ex essensu patris* were abolished in England by a statute of the 3rd and 4th William IV., Ch. 105. The dower given by law is the only kind which has since

existed in England, and it is believed to be the only kind which ever obtained in this country.

"During the life of the husband, the right is a mere expectancy or possibility. In that condition of things the law-making power may deal with it as may be deemed proper. It is not a natural right. It is wholly given by law, and the power that gave it may increase, diminish or otherwise alter it or wholly take it away. It is upon the same footing with the expectancy of heirs, apparent or presumptive, before the death of the ancestor. Until that event occurs the law of descent and distribution may be molded according to the will of the Legislature."

The statute creating the right of dower in lands in this State is Section 5493, Comp. Gen. Laws 1927, which is as follows:

"When any person shall die intestate, or shall make his last will and testament, and not therein make any express provisions for his wife by giving and devising unto her such part or parcel of real and personal estate as shall be fully satisfactory to her, such widow may signify her dissent thereto in the circuit or county judge's court of the county wherein she resides at any time within one year after the probate of such will; and then in that case she will be entitled to dower in the following manner, to-wit: One third part of all the lands, tenements and hereditaments of which her husband died seized and possessed, or had before conveyed whereof she had not relinquished her right of dower as provided by law, which said third part shall be and inure to her proper use and behoof in and during the term of her natural life. In which said third part

shall be comprehended the dwelling house in which her husband shall have been accustomed most generally to dwell next before his death, together with the offices, out-houses, buildings and other improvements thereunto belonging or appertaining. If, however, it should appear to the judge of the court to which application is made that the whole of said dwelling house, out-houses, buildings and other improvements thereunto appertaining can not be applied to the use of the widow without manifest injustice to the children or other heirs, then such widow shall be entitled to such part, not less than one-third part, as the court may deem reasonable and just.''

It will be observed that in this case there has been no attempt upon the part of the husband to convey the title to the lands but here the action complained of was the lease of the lands owned by the husband to a third party to be farmed for turpentine. The inchoate right of dower in the wife does not vest in her such an estate as will during the lifetime of her husband give her power or authority to enjoin the use of the property which is being enjoyed under and by virtue of a lease and delivery of possession made by the husband. Ramsey v. Sullivan, 150 N. Y. S. 287. If the wife could restrain by injunction the lessee of the husband she could also restrain the husband's use of his own property during his lifetime.

In fact, whether or not the inchoate right of dower will ever merge into title and control of the property depends upon many contingencies, all of which are enumerated in the above quoted statute.

We find no error in the order of court on the demurrer and, therefore, the same should be affirmed. It is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.