DREW, E. HARRIS, Associate Judge.
The Florida Industrial Commission notified petitioner Star Employment Agency that, for reasons unnecessary to delineate here, its license to operate a private employment agency would be revoked, effective June 30, 1958. Pursuant to the statute (Chapter 449, F.S.A.), the employment agency requested a hearing thereon and one was conducted by the deputy commissioner who, at the conclusion thereof on July 3, 1958, found that the revocation of the license was unwarranted and ordered that the application of the employment agency for renewal of its license be granted and a license issued as requested.
The order of the deputy commissioner was filed in the office of the Industrial Commission at Tallahassee on July 7, 1958. On July 15, 1958, an application for review of such order was filed in the office of the commission at Tallahassee by the commission and certain others claiming to be “interested parties.” Seasonable motion to dismiss was made to the commission on the ground that the application for review was not filed with them within seven days as prescribed by § 449.13, F.S.A.,[1] but such motion was denied by the full commission, who proceeded to hear the matter on the merits and to enter an order reversing the deputy commissioner and revoking the license of the employment agency.
We do not reach the merits of the controversy because of our view that the commission had no jurisdiction to review the order of the deputy commissioner on an application for review filed more than seven days after the filing thereof in the commission’s office in Tallahassee. By entertaining such application it clearly departed from the essential requirements of the law that it operate only within the jurisdictional limits of the enabling act.
The controlling statute[2] is quite clear. It provides that the order of the deputy shall become final seven days after it is filed in the commission’s office at Tal *610 lahassee. This is a clear jurisdictional requirement fixed by the Legislature. It is not within the power of the commission or the deputy to waive it, and when the prescribed time elapses the order passes beyond the reach of either the deputy or the full commission, except, of course, for fraud which might have been perpetrated in its procurement.
Pursuant to § 449.02(1), F.S.A., [3] the commission adopted rules and regulations governing proceedings before it, one of which was “Regulation V, Rule 4.”[4] This rule, as observed in the footnote, fits the procedure in workmen’s compensation cases to these proceedings. In workmen’s compensation cases the rule[5] provides twenty days for filing applications for review. To the extent, of course, that the rule conflicts with the statute, the latter must, under familiar principles, govern.
We have not overlooked the contention of the commission that a letter, sent by the commission’s attorney to the deputy commissioner [6] three days after the order was filed, was, in effect, an application for review. We cannot agree. The letter does not comply with the requirements of the applicable rule[7] because of its failure to state the grounds upon which the' applicant relies. Moreover, the commission, at least tacitly, must have recognized this because of the subsequent filing (albeit too late) of a proper application.
Certiorari is granted and the questioned order of the full commission is quashed.
CARROLL, CHAS., C. J., and HORTON, J., concur.

. This section provides, inter alia:
“The order rendered by the deputy commissioner shall become final seven days after same was filed in the office of the commission at Tallahassee, unless within said time any interested party may make and file with the commission an application for review thereof by the full commission.”

. Ibid.

. “449.02 Powers, duties and jurisdiction of commission
(1) The Florida industrial commission is hereby vested with power, jurisdiction and authority to issue and revoke licenses to employment agencies or agents and to deny applications therefor. The commission shall have power, jurisdiction and authority to promulgate reasonable rules and regulations for its own government and in the exercise of its powers hereunder, and for the conduct of the business of employment agencies, not in conflict with the constitution and laws of the United States or of this state and may amend same at its pleasure.”

. “Insofar as possible without violation of Section 449.13 Florida Statutes 1949, the rules of procedure for the handling of Workmen’s Compensation cases before the Florida Industrial Commission as previously adopted and as the same may hereafter be needed, shall govern the handling of Private Employment Agency matters by the Commission.”

. “Applications for review of decisions of Deputy Commissioners must be filed with the Commission at Tallahassee within twenty days after the date copies of the Deputy’s order are mailed to the parties at the last known address of each. Such application must state concisely the grounds upon which the appellant relies, and the consideration of which the Commission will be confined solely to the grounds so presented.”

. “Honorable Burton M. Cohen
“Deputy Commissioner
“Workmen’s Compensation Division
“Florida Industrial Commission
“1050 Seybold Building
“Miami, Florida
“Be: Star Employment Service, Inc.
“Miami, Florida
“Dear Mr. Burton:
“Please take this notice as application for review of your order in the above-styled cause heretofore entered on July 3, 1958 and filed in the office of the Florida Industrial Commission in Tallahassee on July 7, 1958.
“It is requested that you have the transcript of the proceedings before you prepared and certified by you and submitted to the full Commission for its consideration and review, as contemplated by Chapter 449.13, Florida Statutes.
“Very truly yours,
“Burnis T. Coleman
“General Counsel”

. Note 5, supra.