THORNAL, Justice.
The petitioner Star Employment Service, Inc., a private employment agency, requests us to review by certiorari an order of the Florida Industrial Commission which reversed an order of a deputy commissioner granting the petitioner’s license.
We dispose of the matter on jurisdictional grounds without reaching the merits.
Petitioner Star Employment Service, Inc., operated a private employment agency under Chapter 449, Florida Statutes, F.S.A. Its license to do business was revoked pursuant to the procedure prescribed by Section 449.13, Florida Statutes, F.S.A. Upon the filing of the complaint the respondent Commission designated a deputy commissioner in Dade County, Florida, to hear the matter and enter an order as prescribed by law. The deputy ordered petitioner’s license granted and this order was filed in the office of the respondent Commission at Tallahassee. Petitioner applied for review and upon such review the full commission reversed the deputy. Thereafter, petitioner filed its petition for a writ of certiorari in the District Court of Appeal, Third District, seeking review of the order of the respondent Commission. The District Court of Appeal sua sponte transferred the matter to this Court for consideration and determination. Petitioner has moved that we transfer the matter back to the District *176 Court of Appeal. The respondent Commission appeared, filed its brief and requested oral argument in the District Court of Appeal.
As has happened in several situations since the amendment of Article V, Florida Constitution, F.S.A., we are confronted by certain statutory provisions which have not yet been amended to harmonize with the amended judiciary article of the Constitution.
Section 449.13, Florida Statutes, F.S.A., contains a provision for the review which reads as follows:
“The order of the full commission shall be filed in the office of the commission and shall become final twenty days thereafter, unless either party shall file a notice of appeal to the circuit court in accordance with § 440.27, Florida Statutes. If remanded, the deputy commissioner shall proceed as the full commission may direct. Any party in interest may appeal the order of the full commission to the circuit court as a matter of right, following the same procedure, where not inconsistent with this chapter, as prescribed by § 440.27, Florida Statutes.”
Particular note should be taken of the provision which authorizes appeal “to the circuit court in accordance with Section 440.27, Florida Statutes.” (Emphasis oui's). Undoubtedly, this statutory provision contemplated the appellate procedure for reviewing workmen’s compensation orders prior to the enactment of Chapter 28241, Laws of Florida, 1953, F.S.A. § 440.-13 et seq. It will be recalled that formerly circuit courts reviewed workmen’s compensation orders of the Florida Industrial Commission preliminary to ultimate review by this Court. Section 440.27, supra, has been changed. See Chapter 59-142, Laws of Florida, 1959. It now merely provides for direct review of workmen’s compensation orders by petition for writ of certiorari to the Supreme Court. Obviously, the appeal provisions of Section 449.13, supra, the private employment agency statute, are now completely ineffective for the reason that they authorize an appeal to the “circuit court” in accord with the provisions of a statute which makes no reference whatsoever to the “circuit court.”
Article V, Section 26(10), Florida Constitution, provides that:
“Until otherwise provided by the legislature, orders of the Florida Industrial Commission shall be subject to review only by petition to the district courts of appeal for writ of certiorari.”
The quoted constitutional provision places review of all orders of the Florida Industrial Commission in the District Courts of Appeal, unless otherwise provided by the Legislature. It was for this reason that present Section 440.27, Florida Statutes, F. S.A., (Chapter 59-142, Laws of Florida, 1959), was enacted by the Legislature to authorize review of workmen’s compensation orders by the Supreme Court instead of by the Courts of Appeal. The instant order, however, is obviously not within the workmen’s compensation category.
Article V, Section 5(3), Florida Constitution, provides in part that:
“The district courts of appeal shall have such powers of direct review of administrative action as may be provided by law.”
However, in regard to review of private employment agency orders, the Legislature has not yet undertaken to specify the forum in which review might be had under either of the last two quoted provisions of the Constitution.
There is no question, however, but that an appropriate Court of Appeal would have jurisdiction to review this type of administration order under its constitutional jurisdiction provided for in Article V, Section 5(3), which reads in part as follows :
“A district court of appeal may issue writs of * * * certiorari * *
*177 See Sullivan v. Mayo, Fla.App. 1st Dist., 106 So.2d 4. Absent legislative action it is also clear from Article V, Section 26(10) that it is contemplated that all orders of the Florida Industrial Commission be reviewed by District Courts of Appeal. We, therefore, have the constitutional directive, in the absence of contrary legislation, to pursue review of this type of order in the District Courts of Appeal and we find the specific constitutional jurisdiction in the Courts of Appeal to review such orders by the exercise of the general power to issue writs of certiorari. The sole remaining problem is to determine the proper Court of Appeal to consider the case.
In arriving at a conclusion on this aspect of the matter, we think that we are confronted more nearly with a matter of venue, than with a matter of jurisdiction. Gay v. Ogilvie, Fla., 47 So.2d 525. In Smith v. Williams, 160 Fla. 580, 35 So.2d 844, which was an original proceeding, we held that when the Legislature has fixed the headquarters location of a government agency, such as the Florida Industrial Commission, a suit which primarily involves the construction of the rules or regulations of the agency must be brought in the county of its headquarters if the agency claims that privilege. On the other hand, if the suit involves a claimed protection against violation of constitutional rights of a citizen in the county where the suit is instituted, then such suit may be maintained in the county where the invasion of the constitutional right is threatened. The sum of the holding in Smith v. Williams, supra, and cases which have followed it simply is that a state agency with headquarters at the seat of government in Tallahassee has the privilege of demanding that suit be brought against it there in any situation primarily involving a construction of the rules or regulations of the agency. This is more a matter of historic policy for the convenience of the people and the public agency, than it is a fixed rule of law. Usually the required records are kept at the seat of government and most often the key witnesses will be found there. However, the policy has now become so often repeated that it certainly might properly be elevated to the dignity of a rule of law.
We repeat for emphasis that the privilege to select the venue rests with the state agency. Admittedly, most of the cases involving this proposition have been cases of original, as distinguished from appellate, jurisdiction. The case most strongly analogous to the one at bar is Henderson v. Gay, Fla.1950, 49 So.2d 325, 327. This was a proceeding to recover certain sales taxes previously paid to the State Comptroller and to enjoin the subsequent collection of similar taxes. Although the property was located in Dade County, the disposition of the matter involved a construction and interpretation of the sales tax law and the rules and regulations promulgated by the Comptroller pursuant thereto. Under the sales tax law, any person who had received an adverse decision from the Comptroller on the matter of liability for the tax “shall have the right” within a certain time “to have the Comptroller’s determination reviewed in appropriate proceedings in any of the circuit courts of Florida.” It is clear that Henderson v. Gay, supra, was a proceeding for review and the language of the statute authorized review “in any of the circuit courts.” The statute which was the controlling authority there did not specify the particular circuit court, any more than does Article V, Section 26(10), Florida Constitution, specify the particular District Court of Appeal.
In Henderson v. Gay, supra, the Comptroller asserted the privilege of having the suit for review brought in Leon County, the seat of government. Conversely, in the instant case the Florida Industrial Commission instituted this proceeding itself in Dade County by the designation of a Dade County deputy commissioner to hold the hearings on the matter of the revocation of the petitioner’s license and by designating a place in Dade County as the place of *178 the hearings. Section 449.13, supra, merely requires the Commission to refer the matter to “a deputy commissioner.” The selection is made by the Commission. Furthermore, in the District Court of Appeal when this matter was originally submitted for review there, the respondent State Commission offered no objection to the forum and asserted no privilege to have review accomplished in any other court. Applying the rule of the cases last mentioned we are led to the view that in the instant situation the state agency has itself established the venue for the instant proceeding and has not asserted any privilege to have the matter heard by the Court of Appeal which has jurisdiction of the geographical area in which the seat of government is located. Under these circumstances we conclude that at the outset, the petitioner properly instituted this review proceeding in the District Court of Appeal, Third District. The respondent Commission has not asserted any privilege to have the matter heard at the seat of government. On the contrary, it has itself established the venue by instituting the proceeding in the Third District, and by defending against the requested review in the Court of Appeal there. Respondent has consequently consented to review by the Court of Appeal having jurisdiction in that area and has not asserted any privilege to the contrary.
It is of some passing interest to note that three private employment agency petitions for review have been heard by Courts of Appeal without objection by the respondent Commission. In each instance venue was obtained in the Court of Appeal of the district where the case originated. Star Employment Service Inc. v. Florida Industrial Commission, Fla.App. 3rd Dist., 109 So.2d 608; Florida Industrial Commission v. Ebner, Fla.App. 3rd Dist., 111 So.2d 79; Vocelle et al. v. Riddell, Fla.App, 2nd Dist., 119 So.2d 809.
We have not overlooked that provision of Article V, Section 4, Florida Constitution, which provides that the Supreme Court “may issue writs of certiorari to commissions established by law.” See Codomo v. Shaw, Fla.1958, 99 So.2d 849. However, when we read this provision with Article V, Section 26(10), it is clear that the framers of the Constitution contemplated that the latter section specifically controlling Industrial Commission orders created a limitation on the former in the absence of legislative action.
We conclude that the unopposed motion of the petitioner for the transfer of this cause is granted. It will be returned to the Court of Appeal whence it came. The petition .for writ of certiorari and all records, briefs and other matters in the cause shall within five days from the date of entry of this opinion be transferred to the District Court of Appeal, Third District, for consideration and disposition.
It is so ordered.
THOMAS, C. J., and TERRELL, HOB-SON and O’CONNELL, JJ., concur.