ALLEN, Acting Chief Judge.
This appeal is from an order of the County Judge’s Court of Palm Beach County, in probate.
The appellant, United States of America, appeals that part of an order awarding Gladys H. Griffin, widow of the deceased, dower in the personal property of her deceased husband free and clear of her husband’s debts.
Berlin Griffin died testate in West Palm Beach on March 2, 1961. Prior to his death, he was indebted to the Federal Gov- *884 eminent for unpaid taxes for the years 1943 and 1944 in a sum approximating $584,241. The tax liabilities were assessed against him on October 2, 1959, and notice of the tax lien was filed of record in Palm Beach County, Florida, on January 5, 1960. Gladys H. Griffin, his widow, waived the provisions of the Will and petitioned the probate court for assignment of dower.
Fla.Stat. § 731.34 (1961), F.S.A. provides :
“Whenever the widow of any decedent shall not be satisfied with the portion of the estate of her husband to which she is entitled under the law of descent and distribution or under the will of her husband, or both, she may elect in the manner provided by law to take dower, which dower shall be one third part in fee simple of the real property which was owned by her husband at the time of his death or which he had before conveyed, whereof she had not relinquished her right of dower as provided by law, and one third part absolutely of the personal property owned by her husband at the time of his death, and in all cases the widow's dower shall be free from liability for all debts of the decedent and all costs, charges and expenses of administration; provided, however, that nothing herein contained shall be construed as impairing the validity of the lien of any duly recorded mortgage or the lien of any person in possession of personal property. * * * ”
Fla.Stat. § 733.09, F.S.A. makes it the duty of the personal representatives to lay off and assign dower immediately after the widow has exercised her election to take dower. From an order in these proceedings, this appeal ensued.
The point on appeal is stated as follows:
“Is a widow’s right to dower in her deceased husband’s personal property subject to a federal income tax lien filed against decedent prior to his death ?”
The appellant concedes that the lower court was correct in assigning the widow a dower interest in the real property, free from the debts of the decedent.
The appellant contends that the recorded tax lien should have been accorded priority over the widow’s dower right in the personal property of the deceased because the tax lien arose on the property at the time that the assessment was made. They further argue that dower right in personalty can be defeated by the husband during his lifetime by inter vivos gift, as opposed to those inchoate dower rights accorded to the wife as to any real property owned by the husband at his death or which had been owned by him during his lifetime and transferred without the signature of the wife.
In United States v. Weissman, Fla.App. 1961, 135 So.2d 235, this court had occasion to hold that a federal income tax lien had priority over a landlord’s lien against a tenant. The circuit court had entered a final decree holding that the landlord’s lien was superior, except as to the one federal lien which had been filed prior to the lease. The result of this court’s holding was that all three federal tax liens had priority over the landlord’s lien for rent due, notwithstanding that only one notice of tax lien had been recorded before the date of the lease, since all assessment dates by the government were prior to the first default in the payment of rent.
In the Weissman case, Judge Smith, in writing the opinion of this court, stated:
“The liens of the federal government arose under the Internal Revenue Code of 1954, which provides, insofar as material to the question here, in Section 6321, 26 U.S.C.A. § 6321, that, if any person liable to pay any tax neglects to pay the same, after demand, the amount shall be a lien in favor of the United States upon all property *885 belonging to such person. Section 6322 provides that the lien imposed shall arise at the time the assessment is made and shall continue until the amount is satisfied. Section 6323(a) provides that the lien so imposed shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed (in this instance in the Office of the Clerk of the Circuit Court of Palm Beach County, Florida.)
“ * * * The lien of the United States for unpaid taxes, -while a general lien in the sense that it attaches to all of the property of the delinquent taxpayer, nevertheless is a perfected lien at the time it arises, and where the federal tax lien and the competing statutory lien are of equal dignity, that is, where the competing statutory lien is a perfected lien in the sense that there is nothing more to be done to have a choate lien, when the identity of the lienor, the property subject to the lien, and the amount of the lien are established, priority is to be determined on the principle that, ‘the first in time is the first in right.’ United States v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367, 371, 98 L.Ed. 520. We must, therefore, look to the Federal statutes and decisions to determine this issue.
‡ ifi ij< ‡ #
“ * * * The Federal decisions further hold that a landlord’s statutory lien for rent is inchoate and unperfect-ed under the circumstances here at the time the federal tax liens arose, and the landlord’s lien was not entitled to priority under the doctrine of first in time is first in right or under any doctrine of relation back. United States v. New Britain, supra, and United States v. Security Trust & Savings Bank, supra [340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53].”
The United States Court of Appeals for the Ninth Circuit, in the case of Hoare v. United States of America, 294 F.2d 823 (1961), held that the holder of a chattel mortgage given by a tax debtor of the United States as security for the performance of a lease had priority by virtue of the protection provided by Section 6323 (a), to the extent only of the arrearages existing when the tax lien attached.
A study of the various Federal cases shows that property interest or liens competing with the Federal tax liens, to have priority, must not be inchoate.
This court, in United States v. First Federal Savings & Loan Ass’n, Fla.App. 1963, 155 So.2d 192, had a question involving the priority between the allowance of attorney’s fees payable to the mortgagee, and a federal tax lien. The mortgage involved provided for the allowance of attorney’s fees and there was no question but that the mortgage itself, accrued interest, etc., had priority under the federal statutes over the perfected federal tax lien, but attorney’s fees were not definite, not choate, at the time the federal tax liens were assessed and perfected. In the opinion t of the court, it was stated:
“In connection with an analogous situation, we have two cases in which a decision is reached which controls the one here. The cases are: United States v. Bond, 279 F.2d 837 (4th Cir., 1960), cert. denied 364 U.S. 895, 81 S.Ct. 220, 5 L.Ed.2d 189, and United States v. Christensen, 269 F.2d 624 (9th Cir., 1959). In the Bond case the question was whether a tax lien of the United States is prior in right to payments of real estate taxes made by the mortgagee under a prior recorded mortgage, the taxes having accrued and the payments having been made subsequent to the recordation of the notice of federal tax lien. In addition, there was a question of priority as between the federal tax lien and *886 attorney’s fees allowed by the lower court for payment to the mortgagee out of the proceeds of sale of the mortgaged property. The court said: “ ‘For the same reasons, we must subordinate to priority of the federal tax liens the claim for an attorney fee paid by Perpetual in protection of the lien of its mortgage. The fee was incurred long after the attachment of the federal tax lien; and at the time of the execution of the mortgage and the creation of the debt secured thereby, the future existence or amount of such attorney fee was, at best, speculative and uncertain.’ ”
Subsequently we granted a rehearing in the above case and, after re-argument, adhered to our decision.
The United States Supreme Court, in United States v. Pioneer American Insurance Company, 374 U.S. 84, 83 S.Ct. 1651, 10 L.Ed.2d 770, held that since the amount of the lien for attorney’s fees was undetermined and indefinite when the federal tax liens were filed, such amount remained inchoate. The Court, in the Pioneer case, said:
“But, it is said, the principal and interest of the mortgage were definite in amount, the attorney’s fee later became certain by court order and if the tax lien were to prevail the preference of the mortgagee given by § 6323 will be frustrated since payment of the attorney’s fee will reduce the net amount realized from the mortgage. Aside from the fact that the mortgagee here will experience no such reduction, this argument would subordinate federal tax liens to inchoate liens and in both United States v. New Britain, supra, and United States v. Buffalo Savings Bank, 371 U.S. 228, 83 S.Ct. 314, 9 L.Ed.2d 283, the Court denied priority to local tax liens which were imperfect when the federal tax lien was filed even though the former had priority over the mortgage and would reduce the recovery of the mortgagee.”
Until the death of her husband, the wife’s dower interest is unknown, undefined and could be made nonexistent by her husband selling the personal property or, in fact, giving the personal property away. It remains inchoate until his death. Since the wife’s dower interest is inchoate, uncertain and remote, it does not constitute an estate or interest. See Smith v. Hines (1863), 10 Fla. 258; Moore v. Price (1929), 98 Fla. 276, 123 So. 768; and Neal v. McMullian (1929), 98 Fla. 549, 124 So. 29.
It has been held that a wife is not disqualified because of “interest” from being a witness in the court by the Dead Man’s Statute. Farrington v. Richardson, 1943, 153 Fla. 907, 16 So.2d 158. In that case, 16 So.2d p. 161, the Court said:
“It is also suggested by appellee that Mrs. Farrington has a vested right of dower in her husband’s estate, de-feasible only by her prior death, and that consequently she is incompetent to testify because she is a person deriving an interest or title from a person interested in the event of the suit. See Sec. 90.05, Florida Statutes 1941, F.S.A.
“This contention is not tenable. The case before the court does not relate to real estate but to personal property. If successful, the plaintiff will recover a money judgment. If the judgment is ever satisfied the money received in satisfaction will belong to the husband alone. He may dispose of the judgment or the proceeds without the consent of the wife. No interest of the wife will attach either to the judgment or the fruits thereof during his lifetime, dower in personalty relating only to such personal property as the husband owns at the time of his death. Sec. 731.34, Florida Statutes 1941, F.S.A. The interest required to dis *887 qualify a witness under the proviso of the statute must be an interest present, certain, and vested; not uncertain, remote, or contingent. The possibility that Mrs. Farrington may ever realize anything from a personal judgment procured by her husband depends upon whether the judgment, or any of its proceeds, remains in the husband at, his demise. This interest is too uncertain, remote and contingent to serve as a basis for the disqualification of the witness, on the ground asserted.”
In a recent United States Court of Appeals case, Weitzner v. United States, 309 F.2d 45 (5th Cir., 1962), it was held that the widow and children of a taxpayer had no interest under the homestead provisions of the Florida Constitution which would prevent foreclosure of a tax lien. The opinion of the court, which was written by a former practicing attorney of Florida, now a member of the United States Court of Appeals, Fifth Circuit, said:
“The wife, in order to acquire the property, or interest in it, must survive her husband, the husband and wife relationship must exist at the time of his death, and the property must have been occupied at the time of his death by a family of which the husband was the head. The homestead was designed for the purpose of protecting the head of the family by securing to him a shelter for himself and the members of his family. Hill v. First National Bank, 79 Fla. 391, 84 So. 190, 20 A.L.R. 270. The rights of a wife to the benefit of this protection during her husband’s lifetime are marital rights rather than property rights. As in t&e case of inchoate dower, that which the wife has during her husband’s lifetime with respect to homestead ownership is remote, uncertain and a mere expectancy or possibility and not a vested property right, interest or title. It follows that the tax liens of the United States were and are valid and enforceable against the property claimed as homestead.
The judgment of the district court is
“Affirmed.”
We must reverse that part of the judgment awarding the widow dower in the deceased’s personal property free from the debts of the decedent, which accorded the widow’s dower priority over the appellant’s tax liens.
Reversed.
SHANNON, J., and LEAVENGOOD, C. RICHARD, Associate Judge, concur.