TJOFLAT, GERALD BARD, Associate Judge.
This is an appeal by a husband from a final judgment which awarded his wife
(1) the sum of $101,525.90 as the present value of her inchoate dower in his personal property, mostly securities worth in excess of $500,000.00;
(2) the sum of $25,000.00 as the present value of the $500.00 monthly support due her under a routine separation agreement; and
(3) $11,000.00 as the fee for her attorneys in the case.
The case developed in this fashion: the parties married on November 29, 1956, in Hollywood, Florida, after a very brief courtship.[1] Herbert Libberton was then seventy-two years of age; Irene Libberton was sixty-two.
About nine years later they decided to go their separate ways; and, so, on June 23, 1966, they entered into a separation agreement, which provided:
“(1) The husband agrees to pay to the wife the sum of Five Hundred Dollars ($500.00) per month as her support, commencing July 1, 1966, and continuing during the remainder of their married life, and during such period of time the wife will not require any further support for herself from the husband.
“(2) The husband has, in connection with this agreement, delivered to the wife a 1966 Chrysler automobile which. has been mutually agreed upon by the parties, and has repaid to the wife a loan of $1,348.80.
“(3) Both parties shall agree that it shall be lawful for the parties hereto at all times to live separate and apart from each other, and each party shall be free from the interference, authority and control of the other as fully as if he or she were single and unmarried, and each party shall have the right to reside in such place or places as he or she may select or desire, and shall have the right to engage in any business profession or employment which to him or her may seem desirable.
“(4) The parties hereto agree that they will not molest, harass, disturb or malign each other or compel or seek to compel the other party to cohabit or dwell with him or her.
“(5) This Separation Agreement expressly does not affect the rights of the wife under the laws of the State of Florida, except as provided herein for her support, and expressly does not affect any rights which she may have as widow or surviving spouse of the husband, and shall not be construed to affect any other financial or property matters between the parties.
“(6) The husband agrees to pay the wife’s attorneys a reasonable attorneys’ fee as full payment for all attorneys’ fees and costs in connection with the execution of this agreement. In the event it becomes necessary for the wife to enforce this agreement in a court of competent jurisdiction because of the fault of the husband, the husband agrees to pay all reasonable court costs and a reasonable attorneys’ fee for the wife’s attorneys.
*338 “(7) Each of the parties represents that she and he have been separately and fully advised of all of his or her legal rights, privileges and obligations in connection with the execution of this Separation Agreement.”
Within a matter of months, Irene Lib-berton became unsatisfied with the $500.00 monthly support. Also, she envisioned that her husband might begin disposing of his portfolio of securities so to leave an estate from which little or no dower could be realized. In an effort to increase her monthly support allowance and in a bizarre attempt to have dower set aside before death, Mrs. Libberton commenced this action.
In the first count of her complaint she alleged that' her living expenses had increased substantially and that there was a sufficient change of circumstances to justify an increase in support pursuant to Section 65.15, Florida Statutes.[2] The second count alleged continued harassment on the part of her husband; and she prayed for a restraining order, in accordance with the fourth paragraph of the separation agreement, and attorney fees. The third count, a declaratory judgment proceeding, recited purported threats by Libberton to dispose of his assets so that Mrs. Libberton would be destitute after his death and prayed for the sequestration of sufficient assets for dower and support. A fourth count attacked the validity of the antenuptial agreement.
After the issues were joined, the cause proceeded to trial. On the evidence, the trial judge found that, subsequent to the execution of the separation agreement, there had been no change in the circumstances of the parties sufficient to warrant an increase in the support payments. Accordingly, judgment was entered for the defendant husband on the first count of the complaint. He also prevailed on the second count, plaintiff having failed to demonstrate the need for a restraining order.
As to the third count, the court concluded that injunctive relief was necessary to prevent Libberton from disposing of his estate and to protect plaintiff’s right to support and her inchoate right of dower. Accordingly, the final judgment provided:
“The Court grants the relief sought by the Plaintiff in Count Three and finds that the present value of the wife’s contingent (or inchoate) right of dower during the life of the husband can be computed. The present value of a wife’s inchoate dower right is to be computed by deducting from the present value of an annuity for her life, equal to the interest in the third of the proceeds of the estate to which her contingent right of dower attaches the value of a similar annuity depending upon the joint lives of herself and her husband.
“The Plaintiff is also entitled to a sufficient sum of [sic] guarantee Plaintiff’s right of support under the Separation Agreement between the parties.” [3]
Appellant’s attack on the judgment is essentially twofold. First, he contends that dower rights attach only to personal property of which a husband is possessed at death, and that it was error for the court to grant plaintiff a present interest in his personalty. Secondly, appellant urges that the $25,000.00 award to secure future support and the attorney fee be set aside, because he prevailed on the claims brought under the separation agreement. His points are well made.
Plaintiff’s right of dower in her husband’s personal property is established by statute; the common law affords no *339 such right. Section 731.34, Florida Statutes, F.S.A., provides, in part:
“Whenever the widow of any decedent shall not be satisfied with the portion of the estate of her husband to which she is entitled under the law of descent and distribution or under the will of her husband, or both, she may elect in the manner provided by law to take dower, which dower shall be one third in fee simple of the real property which was owned by her husband at the time of his death or which he had before conveyed, whereof she had not relinquished her right of dower as provided by law, and one third part absolutely of the personal property owned by her husband at the time of his death, * * * ” (Emphasis added.)
A wife's inchoate right of dower in her husband’s personalty is on the same footing with the expectancy of an heir before his decedent’s death. As the court pointed out in In re Griffin’s Estate, Fla.App.1964, 164 So.2d 883:
“Until the death of her husband, the wife’s dower interest is unknown, undefined and could be made nonexistent by her husband selling the personal property or, in fact, giving the personal property away. It remains inchoate until his death. Since the wife’s dower interest is inchoate, uncertain and remote, it does not constitute an estate or interest. See Smith v. Hines (1863), 10 Fla. 258; Moore v. Price (1929), 98 Fla. 276, 123 So. 768; and Neal v. McMullian (1929), 98 Fla. 549, 124 So. 29.”
We can find no authority to support the trial court’s imposition of a present dower interest in appellant’s personal property; and accordingly, that aspect of the judgment should be set aside.
The $25,000.00 award, representing the present value of the future support due plaintiff under the separation agreement, was also without foundation. It should be noted that the trial judge expressly found that there was nothing in plaintiff’s proof that would authorize the modification of the agreement or the granting of any other relief under the statute,[4] as prayed for in count one of the complaint. In finding for the husband on that count, the court effectively held that the separation agreement was adequate to meet plaintiff’s needs and to insure the performance of her husband’s responsibilities to her. It thus remained his obligation to her to continue paying support at the rate of $500.00 per month—nothing more.
Having disposed of the first count favorably to the husband, the court was powerless to require him to pay the present value of the support due over his expected life span.
As for the issue of the attorneys’ fee, it is well settled law in this state that such fees are not recoverable unless provided for by agreement, authorized by statute or allowable as a matter of equity from a fund or estate.[5] While the separation agreement made provision for the payment of fees, judgment for appellant on counts one and two precluded the assessment of a fee under the agreement, or, for that matter, pursuant to statute.[6] Admittedly, this case did not involve a common fund or a decedent’s estate. Accordingly, there was no predicate in this record for the allowance of the $11,000.00 fee in question.
In summary we hold as follows: the judgment in favor of appellant on counts one and two of the complaint is affirmed. The judgment for appellee on count three —which purports to impose a dower interest on appellant’s personal property, re *340 quires him to set aside $25,000.00 as or for future support and awards an attorney fee for appellee’s counsel — is reversed; and judgment shall be entered for appellant on that count. The cause is remanded for disposition not inconsistent with this opinion.
Affirmed in part, reversed in part, and remanded with directions.
CROSS, C. J., and WALDEN, J., concur.

. A few days before the marriage they entered into an antenuptial agreement, in which, among other things, they provided that neither party would have any interest in the property of the other. The agreement was declared invalid by the final judgment below. It is not necessary for us to consider that agreement to dispose of this appeal; and, accordingly it will not be discussed further in this opinion.

. Now, Section 61.14, Florida Statutes, F.S.A.

. The dower and support were set at $101,-525.90 and $25,000.00, respectively, at a subsequent hearing.

. Section 65.15, now Section 61.14, Florida Statutes, F.S.A.

. See, for example, 9 Fla.Jur., Damages, Section 77; 8 Fla.Jur., Costs, Section 33.

. While we purport to make no decision on the point, it is perhaps arguable that a wife could claim a fee in an action brought —as was count one—under Section 65.15, now 61.14, Florida Statutes, F.S.A.