**SCREENS UNLIMITED, Inc. v. AETNA INSURANCE CO., et al.**

No. 31746.

Circuit Court, Pinellas County.

August 23, 1972.

Carl O. Dunbar, Dunedin, for the plaintiff.

J. Terrell Williams, Assistant Attorney General, for the defendant Department of Revenue.

CHARLES R. HOLLEY, Circuit Judge.

*Order for summary judgment:* This cause came on for hearing upon the written stipulation and the motions of the plaintiff and of the defendant Department of Revenue of the state of Florida, for summary judgment. The court was advised that the defendant Aetna Insurance Company agreed that hearing on plaintiff's motion for summary judgment might proceed provided it was first dis-

missed as a party defendant. The defendant Department of Revenue raised objection to such dismissal. The court thereupon permitted argument on the motions to proceed reserving to the defendant Aetna the right to be heard thereon.

*Findings of fact*

The court finds that there is no genuine issue as to the following material facts —

The plaintiff is a Florida corporation having its principal place of business in Pinellas County.

The defendant Department of Revenue is an agency of the state of Florida responsible for the enforcement of assessments and collection of sales and use taxes imposed by chapter 212 of the Florida Statutes.

Under real and imminent threat of suit by the defendant Department of Revenue to collect delinquent sales taxes hereinafter described, plaintiff brought this action for a declaratory judgment construing its rights under the provisions of §212.10(1), Florida Statutes.

Prior to the institution of this action, the plaintiff on October 9, 1970 entered into an agreement with View-All, Inc. and the District Director of Internal Revenue to acquire certain assets of View-All, Inc.

On October 9, 1970 there were federal tax liens against View-All, Inc. recorded in the office of the clerk of the circuit court of Pinellas County totaling $65,226.11.

Subsequently on November 3, 1970 the defendant Department of Revenue filed with said clerk a tax warrant against View-All, Inc. for delinquent sales taxes accruing in August and September, 1970, in the total amount of $2,594.61.

The claim of the defendant Department of Revenue was perfected subsequent to the foregoing claims of the United States of America.

On February 10, 1971 the plaintiff, pursuant to the agreement of October 9, 1970 with View-All, Inc. and the District Director of Internal Revenue, paid to the director $13,725.90, obtained from the director a partial release of the existing federal tax liens, and took title to the property described in the agreement.

No contention has been made by the defendant that the consideration paid by the plaintiff for the purchase of the above described assets of View-All, Inc. did not represent a good faith and bona fide transaction under the circumstances of the sale.

The plaintiff did not comply with the provisions of §212.10 of the Florida Statutes.

*Conclusions of law*

The court reaches the following conclusions of law —

The threat of suit by the defendant Department of Revenue against the plaintiff was both real and imminent and the proper venue of this action by plaintiff is in Pinellas County, where the rights of the plaintiff were threatened. Department of Revenue v. First Federal Savings and Loan Association of Fort Myers, 256 So.2d 524; Star Employment Service v. Florida Industrial Commission, 122 So.2d 174; Williams v. Ferrentino, 199 So.2d 504.

The issue here involved is the priority of the liens filed by the United States of America and by the state of Florida. The doctrine of "the first in time is the first in right" is applicable. In re Griffin's Estate, 164 So.2d 883; U. S. v. Weissman, 135 So.2d 235; United States v. City of New Brittan, 347 U.S. 81, 74 S. Ct. 367, 98 L.Ed. 520; United States v. First National Bank and Trust Company of Fargo, North Dakota, 386 F. 2d 646.

The liens filed by the United States of America prior to November 3, 1970 are superior to the tax warrant filed by the defendant Department of Revenue.

The superior lien will first be satisfied and any excess will be applied to inferior liens. Jacobs v. Kirk, 223 So.2d 795.

The consideration paid by the plaintiff for the assets of View-All, Inc., which sum represented their fair market value, was insufficient to pay the superior lien of the United States of America. Accordingly, no funds were available to pay the inferior lien of the defendant Department of Revenue and said defendant has no claim against the plaintiff herein nor against the assets purchased by plaintiff pursuant to the agreement with View-All, Inc. and the District Director of Internal Revenue dated October 9, 1970.

§212.10(1), Florida Statutes, does not advance the priority of liens filed by the Department of Revenue in contravention of established principles of law. The provisions of §212.10(1) impose a personal obligation for delinquent sales taxes on a purchaser only to the extent there is equity of the seller to which a tax warrant can attach.

The court thereupon enters its order granting plaintiff's motion for summary judgment and denying the defendant Department of Revenue's motion for summary judgment. The summary judg-

ment determines specifically that the plaintiff is not liable under the provisions of §212.10(1), Florida Statutes, for the unpaid sales taxes of View-All, Inc.

Upon motion a final summary judgment will be entered accordingly.